HAYDEN, City Clerk, etc., Plaintiff in error, vs. ROE, Special Administrator, etc., Defendant in error.

*April 10 — May 15, 1886.*

*Taxation: Estates of decedents: Personal property, where assessable: Title of administrator: Relation.*

If the owner of personal property dies before May 1, and after that date an administrator is appointed, who resides in a different assessment district, the property is not assessable for taxation in that year in the district in which the administrator resides. [Whether it is assessable in the district in which the decedent resided, not determined.]

ERROR to the Circuit Court for *Winnebago* County.

Ebenezer Hubbard, who was a resident of the town of Algoma, in Winnebago county, died at his residence in that town, April 29, 1885. At the time of his death he was the owner of certificates of deposit issued by two banks in the

JANUARY TERM, 1886. 289

Hayden, City Clerk, etc. vs. Roe, Special Adm'r.

city of Oshkosh, amounting to $80,000. May 14, 1885, the defendant in error, *G. W. Roe*, was duly appointed special administrator of the estate of Hubbard, and immediately thereafter qualified and entered upon the discharge of his duties as such. He was then and still is a resident of the Fourth ward of the city of Oshkosh. The assessors of that city for the year 1885 assessed against him, as such administrator, in the assessment roll of the Fourth ward, the sum of $35,000 on account of such deposits. The administrator, by his attorney, Judge Gary, appeared before the city board of review, at the proper time, and asked that board to cancel and set aside such assessment as illegal. The board refused to do so, and, after due notice to *Roe*, raised the assessment to $80,000.

After the board of review had dissolved, *Roe* sued out a writ of *certiorari* from the circuit court, directed to *E. S. Hayden*, the city clerk of Oshkosh, to remove the proceedings of the board to that court for review. The clerk made due return to such writ, showing the facts above stated, which are undisputed. Upon the return of the clerk, the circuit court gave judgment that the assessment so made by the assessors, and the increase thereof by the board of review, were and are void, and that the same, and any taxes which may have been based or levied thereon, have no validity, force, or effect.

To obtain a review of such judgment, the city clerk has brought the same to this court by writ of error.

*Charles W. Felker*, for the plaintiff in error, contended that there is no provision of the statute by which the personal estate of a deceased person can be assessed, except by assessment of the administrator, (1) because until distribution there is no other owner, and (2) because the statute says that personal property shall be assessed to the administrator. The heir gets title only upon distribution, and then through the administrator. 1 Williams on Executors

(6th Am. ed.), 650; *Estate of Kirkendall*, 43 Wis. 176, 179. Title to personal property is in abeyance until an administrator is appointed. *Lawrence v. Wright*, 23 Pick. 128. The title of the administrator relates back to the death of the intestate. 1 Williams on Executors, 631; *Gilkey v. Hamilton*, 22 Mich. 283. The legal title to the personal estate in this case being in the defendant in error, such personal estate was properly assessed to him at his place of residence. *State ex rel. Harkness v. Mathews*, 10 Ohio St. 431–437; *Baltimore v. Stirling*, 29 Md. 48; Cooley on Taxation, 270, 271; R. S. secs. 1040, 1044.

For the defendant in error there was a brief by *Gary, Phillips & Forward*, and oral argument by *Mr. Gary*.

Lyon, J.    The statute provides that all personal property shall be assessed in each year as of the first day of May in such year (R. S. sec. 1033); also that no change of location or sale thereof, after the first day of May in any year, shall affect the assessment made in such year (Id. sec. 1040). Under these provisions, no change in the location of or title to the property, occurring after the first day of May in any given year, can have any effect whatever upon the assessment of such property for taxation in that year. The *status* of the property on that day determines irrevocably where it shall be assessed for taxation. In contemplation of law, the assessment is made on that day. If, in fact, it is made later, it is not valid, unless it would have been valid had it been made on the first day of May. Such is the plain, unmistakable meaning and effect of the statutes above cited. It seems very clear that on the first day of May, 1885, the choses in action or credits thereafter assessed against the defendant in error, as the special administrator of Hubbard's estate, were not subject to assessment in the city of Oshkosh. This is necessarily so because the statute makes the property assessable to the administrator at his place of resi-

dence, and on that day there was no administrator of the estate of Hubbard residing in Oshkosh, and Hubbard was not a resident of that city at the date of his death.

It is strongly maintained in support of the validity of the assessment that the title of the administrator to the property relates back to April 29th, the date of the death of his intestate, and hence that the assessment is valid. The premise may be conceded, yet the conclusion does not necessarily follow. The whole doctrine of relation is but a fiction or device of the law, and is hedged with limitations. Thus, an old writer says of it: "This Device is most commonly to help Acts in Law, and make a Thing take Effect; and shall relate to the same Thing, the same Intent, and between the same Parties only; and it shall never do a Wrong, or lay a Charge upon a Person that is no Party." Jac. Law Dict. "RELATION." There are numerous cases in the books in which the operation of this legal fiction is limited and restricted.

It may be necessary to apply the doctrine of relation in the case of intestate personal property, to enable the administrator to recover for injuries thereto, or for the conversion thereof, occurring before his appointment. He might not be able to do this if the title only vested in him when letters of administration were issued to him. Having the title by relation at the time of the injury or conversion, he may maintain such action. That seems to be as far as it is necessary to extend the doctrine.

The statute (sec. 1044) makes personal property assessable to an administrator only when the same is in his charge or possession as such. We do not think the doctrine of relation is sufficiently elastic to authorize us to hold, not only that the administrator was on the first day of May, 1885, the legal owner by relation of the demands against the Oshkosh banks evidenced by their certificates of deposit, but that he was also, on that day, in charge or possession

thereof as such administrator.   We find no sanction in the law for such a ruling.

Whether these credits were assessable for taxation in the town of Algoma, in the year 1885, as parcel of the estate of Hubbard, awaiting the appointment of an administrator to determine who was the legal owner thereof, is not here determined.   We only hold they were not so assessable in that year in the city of Oshkosh.

*By the Court.*— The judgment of the circuit court is affirmed.