THE STATE *ex rel.* BAUER, *Collector*, v. EDWARDS *et al.*, *Plaintiffs in Error.*

Division One, December 15, 1896.

1. **Municipal Corporation**: DELINQUENT TAXES: EMPLOYMENT OF ATTORNEY: STATUTE. Under Revised Statutes, 1889, section 7681, authorizing a city collector with the approval of the mayor to employ attorneys to collect delinquent taxes, the approval of such an employment by the council, in the absence of proof to the contrary, implies the approval of the mayor.

2. ———: ———: REVIVOR OF SUIT. Where, in an action to enforce against land the lien of a city for taxes, defendant dies, the suit is properly revived in the names of the heirs or devisees of the defendant.

3. ———: ASSESSMENT OF TAXES: CITIES OF THIRD CLASS: STATUTES: REPEAL. The act of May 20, 1889 (Laws p. 37), providing for the assessment (in cities of the third class) of city property by the city and county assessor jointly, was not repealed by Revised Statutes, 1889, section 1545, until November 1, 1889, when the Revised Statutes went into effect.

4.  ———: ———: ———: ———.  In assessing such city property
the owner was required to list the same as of the first day of June of
the year of the assessment and its value is fixed as of that day.  *Held*
that property assessed June 18, 1889, should have been assessed
under the act of May 20, 1889, and not under said section 1545,
Revised Statutes, 1889.

5.  ———:  TAXES: LIMITATION.  A suit to collect delinquent taxes in
cities of third class may be brought within five years after they be-
come delinquent.

*Error to Cole Circuit Court.*—HON. D. W. SHACKLE-
FORD, Judge.

REVERSED AND REMANDED.

*Edwards & Edwards* for plaintiffs in error.

(1) Before the city could proceed to institute pro-
ceedings to recover the taxes alleged to be due against
the property in the petition mentioned, it was required
of the city collector to employ an attorney and his
appointment or employment must first meet the
approval of the mayor.    R. S. 1889, secs. 7681, 2064.
(2) There was no valid assessment of the taxes at-
tempted to be collected.    The act of 1889 required the
city assessor to make the assessment jointly with the
county assessor, and that this assessment should be the
bases upon which to levy a tax.    Acts 1889, pp. 37, 38.
This act was never repealed but in some way was omit-
ted from the revision of 1889 but it could not be
repealed by a revising committee in that way.    R. S.
1889, sec. 6600.    (3) The petition is fatally defective
and the evidence is insufficient to support the judg-
ment.  (4) The description of the property in the tax bill
sued on is too vague and indefinite to sustain the judg-
ment.    *City of Jefferson v. Whipple*, 71 Mo. 519; *Alex-
ander v. Hickok*, 34 Mo. 496; *Ewart v. Davis*, 76 Mo.
129.    (5) The revenue law makes the tax bill *prima*

*facie* evidence that the amount stated therein is correct, but when an irregularity is shown the *prima facie* character of the bill is destroyed. *State ex rel. v. Scott,* 96 Mo. 72. No presumption is made in favor of tax bills. Property must be described in them so as to be found. *Nelson v. Goebel,* 19 Mo. 161; sections 1545, 1546 and 7681, R. S. 1889, Laws 1889, sections 3 and 7, p. 37. (6) The cause was improperly revived against the heirs of E. L. Edwards. The court could not burden the widow's interest with a judgment for taxes. R. S. 1889, sec. 183, subdiv. 111. *State ex rel. v. White,* 61 Mo. 441; *Graves v. Cochran,* 68 Mo. 78.

*A. M. Hough* for defendant in error.

(1) The fact that it appears that A. M. Hough's appointment as attorney for the relator was approved by the city council instead of by the mayor as contemplated by the statute (R. S. 1889, sec. 7681), does not constitute reversible error. *First.* The objection is similar to one for defect of parties, and should have been made by demurrer or answer. *State, etc., v. Sappington,* 68 Mo. 454; *Crook v. Tull,* 111 Mo. 283; *Franke v. St. Louis,* 110 Mo. 516; *Bank v. Gilpin,* 105 Mo. 17. *Second.* The objection was not even raised in the motion for a new trial, and it is certainly too late to make it for the first time on appeal. *Hammons v. Renfrow,* 84 Mo. 332. *Third.* The suit was brought by the proper party, i. e., by the city collector as relator, and the only matter of which plaintiff in error could possibly complain is the taxation of ten per cent attorney's fees. But no judgment is set out in abstract of plaintiffs in error, and this court can not surmise that such fees were taxed. (2) The assessment of taxes was properly made. The act of May 20, 1889, referred to by opposing counsel, was repealed by the revised bill

relating to cities, towns, and villages, approved June 18, 1889, and the assessment was properly based on the return of the county clerk in accordance with the provisions of said revised bill. R. S. 1889, secs. 1545, 1546, 1547; *State, etc., v. Herndon*, 74 Mo. 410. A statute purporting to cover an entire subject repeals all former statutes on the same subject, either with or without a repealing clause, and notwithstanding it may omit material provisions of the earlier statute. *Terrell v. State*, 86 Tenn. 523; *Millay v. White*, 86 Ky. 170; *Butler v. Sullivan County*, 108 Mo. 630. And the repeal necessarily follows where, as in the case at bar, the two statutory provisions are irreconcilably repugnant. (3) The suit was properly revived against the present defendants as heirs of the original defendant. R. S. 1889, secs. 2196, 2197; *Fine v. Gray*, 19 Mo. 23. Besides, this objection was waived, it not having been made at the time of the revivor at the December term, 1894, of the trial court. For aught that appears on the record, the defendants may have consented to the revivor as entered. (4) The defense of the statute of limitations is not well taken. The petition was filed May 4, 1894, and counted on delinquent taxes for the years 1889, 1890, 1891 and 1892, and the tax bills offered in evidence were for these years. The taxes for 1889 were not delinquent until January 1, 1890, hence they were not barred by the five years' statute. R. S. 1889, sec. 7692; *Ibid.*, sec. 7670. (5) The tax bills made a *prima facie* case for plaintiff; this included the correctness of the assessment. *State, etc., v. Maloney*, 113 Mo. 367. (6) The alleged omission of the signature of the attorney to the petition is an immaterial matter, especially in view of the fact that the body of the petition discloses the attorney. See *Wolf v. Ward*, 104 Mo. 129; *Ivy v. Yancey*, 129 Mo. 502. No error should form a basis for a reversal unless it has actually

been prejudicial to the substantial rights of the complaining party. *Coombs Com. Co. v. Block*, 130 Mo. 668. (7) The return of assessment for the year 1888, made by John Scheperle as assessor of Cole county is irrelevant, as no taxes were, for the year 1888, sued for or proved up.

MACFARLANE, J.—This suit is for the enforcement of the lien upon certain lots in Jefferson City for city taxes, alleged to be due thereon for the years 1889, '90, '91, and '92. The suit was commenced against E. L. Edwards, who was at the time the owner of the lots. Said defendant died testate, pending the suit in the circuit court, and the cause was revived against his devisees under the will.

The city is of the third class, under the general laws of the state, and relator Bauer is the collector thereof. The petition is in the usual form adopted in suits by county collectors to enforce the state's lien, the basis of the suit being a tax bill for delinquent taxes.

Defendants by answer put in issue the validity of the assessment and plead the statutes of limitation to certain of the taxes. The other objections can be more conveniently noted in the opinion.

Judgment was rendered for plaintiff and defendants bring the case to this court for review, by writ of error.

I. The first objection urged by plaintiff in error is that it was not shown that A. M. Hough, who signs the petition as attorney for relator, was authorized, as required by the charter of the city, to prosecute the suit. It was admitted on the trial that the city collector employed A. M. Hough, Esq., to prosecute the suit, and that his employment was approved by the council of said city. But it is insisted by defendants that the appointment was not valid and the attorney

had no authority to act because the employment does not appear to have been approved by the mayor.

For the purpose of prosecuting suits for the collection of delinquent city taxes the collector is given power, with the approval of the mayor, "to employ such attorneys as he may deem necessary." R. S. 1889, sec. 7681. The mayor is the presiding officer of the council, and must be presumed to have cognizance of, and to approve, all its proceedings. The approval by the council implies, also, in the absence of proof to the contrary, the approval of the mayor. We think there is no merit in this objection.

II. It is next objected that the suit was improperly revived in the names of the defendants, for the reason, as is alleged, that they are not joint owners of the lots against which the taxes are charged. It is not disputed that E. L. Edwards, the original defendant, was the owner of the land at the time of his death. Nor is it claimed that the present defendants, in whose names the action was revived, are not the heirs at law and sole devisees of E. L. Edwards, deceased.

The suit is not to secure a personal judgment against the owner, but to enforce the lien of the city against the land. In case of the death of a defendant, pending a suit, the cause may be revived against the representative or successor of the deceased party. Where the suit is to recover real estate, or where the real estate is to be directly affected by the suit, the cause is properly revived in the name of the successor, that is, the person who succeeds to the rights of the deceased defendant in the land in question. The suit does not abate by the death and the fact that, under the will, the rights to which the parties succeed are several and not joint can make no difference for no personal judgment can be rendered against any of them. The judg-

ment is against the lots for the taxes, penalties, and interest due on them respectively.

Any defendant who makes no claim to any of the lots, can, by entering a proper disclaimer, be discharged from the suit, and any defendant who claims a several right to a particular lot can pay the taxes thereon and thereby secure a discharge, or he can defend against the particular tax.

We are of the opinion that the suit was properly revived in the names of the heirs and devisees. No objection was made, in the circuit court, to the revival by any of the parties, and the rights of no defendant are injuriously affected by reason of the revival in his name.

It may be true, as charged by defendant, that, under the administration law, it is the duty of the executor to pay the taxes in question, but, though true, the lien on the land is not on that account released, and it furnishes no reason for abating the suit. The taxes and lien can be discharged by payment whether by the executor or the owner of the land upon which they are a charge.

III. It appears that the taxes, in suit, were levied upon the assessment made by the county assessor for county and state taxes, and no other assessment was made. This was done under the Revised Statutes of 1889, section 1545 of which provides: "The assessment on real and personal property within the limits of the city, made by the assessor of the county or township, for county and state purposes, as corrected by the board of equalization, shall be taken as the lawful and proper assessment on which to levy and collect the municipal taxes of the city."

An act of the general assembly approved May 20, 1889, has this provision: "The assessment on real and personal property within the limits of the city, made

by the city and county assessors jointly, shall be taken as the lawful and proper assessment on which to levy and collect the municipal taxes of the city." Acts, 1889, page 37, sec. 3.

Defendants insist that a lawful assessment could only be made, under the act of 1889, by the joint action of the county and city assessor, and that made by the county assessor alone was absolutely void. On the other hand, plaintiff insists that the revised law repealed the act of 1889, though both were passed at the same session of the legislature.

The law in force prior to the enactment of 1889, in respect to the assessment of property for city taxation, was the same as is provided by section 1545 of the Revised Statutes of 1889. Acts 1887, page 79, sec. 76. The act of 1889 repealed all acts and parts of acts in conflict with it, and took effect on the day of its approval. The provision made for the assessment of property under the act of 1887 being in conflict with that provided by the act of 1889 was repealed by the latter act, which became the law, May 20, 1889.

Section 6606, Revised Statutes of 1889, provides that, "all acts of a general nature, revised and amended and re-enacted at the present session of the general assembly, as soon as such acts shall take effect, shall be taken and construed as repealing all prior laws relating to the same subject; but the provisions of the Revised Statutes, so far as they are the same as those of prior laws, shall be construed as a continuation of such laws, and not as new enactments."

By section 6614 it is provided that the revised statutes shall take effect and go into operation from and after the first day of November, 1889, "except such acts passed by the present general assembly and incorporated therein as shall by their provisions take effect at a different time."

Chapter 30 of the Revised Statutes of 1889, in which section 1545 is included, was enacted as a revised bill and was approved June 18, 1889, and, under the provisions of sections 6606 and 6614, that part of it relating to the assessment of property for city taxation took effect November 1, 1889.

The revised law, being the later, repealed such parts of the act of 1889 as were inconsistent with it. *State ex rel. v Heidorn*, 74 Mo. 411. The act of 1889 provided for a joint assessment by the county and city assessors, and the revised law required the assessment made by the county assessor to be taken. These provisions are irreconcilably inconsistent and the former was repealed by the latter.

But the repeal was not effected until the revised law went into effect, November 1, 1889. The act of 1889 was, therefore, in force from its approval, May 20, until its repeal November 1, 1889.

The time for the assessment of property in cities of the third class is governed by the general law in respect to the assessment of property for state and county taxation, under which it is required to be made between the first days of June and January. Sec. 7531.

It will be observed that the law requiring the joint assessment of the county and city collectors was in force from June 1 to November 1, 1889, and that requiring the assessment of the county assessor to be taken, was in force from November 1 to January 1.

In assessing property the owner is required to list the property owned by him on the first day of June of the year the assessment is made, and the value is placed upon it by the assessing officers as it was on that day. The work of the assessor can not be done in one day, and he is given from the first day of June to the first day of January in which time he is required to complete the assessment. But the details of the assessment, when

completed, relate back to the first day of June, and must be taken as of that day, otherwise serious complications might arise as is shown in this case.

The revised statute requiring the assessment of the county assessor to be taken as the assessment of the city made no provision for changing the work already begun under the act of 1889, and we must take the latter law as governing the assessments for that year, as it was the one in force on the first day of June. We must therefore hold that the assessment made in the year 1889 by the county assessor was no assessment for taxation of property for city purposes, and the levy of taxes upon it is void.

The revised statute was in force when the subsequent assessments were made and the assessment of the county assessor was properly taken as the basis for the levy of city taxes for those years.

IV. The action is not barred by the statute of limitation. The taxes collectible during the year 1889 did not become delinquent until January, 1890. Section 7670. The limitation on the time for commencing the suit is fixed by section 7692 at five years after delinquency. This suit was commenced May 4, 1894, and was within the time prescribed.

The judgment is reversed and the cause is remanded with directions to enter judgment for enforcing the lien of the city for all taxes sued for except those levied upon the assessment made in the year 1889. All concur.