(90 N. W. Rep. 795.)

---

GAAR, SCOTT & CO. *vs.* J. A. SORUM.

---

**Taxation Personal Property—Date.**

> The general revenue laws of this state, embodied in chapter 126, Laws 1897, designate April 1st as the date for determining the taxability of personal property and its value for the purposes of taxation. Personal property not then in existence or brought into the state after such date is not taxable for the current year.

**Distress—Payment under Protest—Recovery Back of Money Paid.**

> In this action the trial court sustained a general demurrer to the complaint, which stated a cause of action for the recovery of money

paid by the plaintiff under protest, and under the coercion of a seizure of its property by defendant, for an alleged tax assessed by the taxing officers of Traill county for the year 1900 upon property brought into the state by plaintiff on April 27th of that year. *Held* error.

Appeal from District Court, Traill County; Pollock, J.

Action by Gaar, Scott & Co. against J. A. Sorum, as sheriff. Judgment for defendant, and plaintiff appeals. Reversed.

*Turner & Lee; Newman, Spalding & Stambaugh,* for appellant.

Personal property brought into the state after April 1st in any year is not taxable for that year, for the reason that the statute fixing the date for listing, assessment and valuation requires, not only that the property be valued as of that date but that it be listed in the name of the person owning it on that date; and also that it have a status as taxable property in this state on that day; otherwise, the rule of uniformity required by the constitution and sought to be established by the laws would be violated. § 176 Const.; § § 1181, 1189, 1190, 1211, 1212, 1199, 1203 and 1182, Sub. 10, Rev. Codes.

In 1890 our legislature adopted the Revenue Tax Laws of Minnesota, eliminating the provision requiring judgment and sale thereunder. In 1895 the provisions of the Compiled Laws were re-enacted and in 1897 the law of 1890 was restored. The Minnesota tax law has been construed, *Martin* v. *Drake,* 41 N. W. Rep. 942, 40 Minn. 137; *Knowlton* v. *Sups.,* 9 Wis. 378; *State* v. *Winnebago County,* 11 Wis. 40; *Hayden* v. *Rowe,* 28 N. W. Rep. 187; *Day* v. *Pelican,* 69 N. W. Rep. 371; *Pa. Coal Co.* v. *Porth,* 23 N. W. Rep. 105; *Dodge* v. *Nevada Nat. Bank,* 109 Fed. Rep. 726; *Southern Ins. Co.* v. *Board,* 21 So. Rep. 914; *Mygatt* v. *Washburn,* 15 N. Y. 316; *Clarke* v. *Norton,* 49 N. Y. 243; *Overing* v. *Foote,* 65 N. Y. 263; *People* v. *Commis.,* 91 N. Y. 593. The foregoing cases are decided under similar statutory constitutional provisions. The state under its constitution may, by classification, fix different dates for different classes of property. *Wis. Cent. Ry. Co.* v. *Lincoln,* 15 N. W. Rep. 121; *Nelson Lumber Co.* v. *Loraine,* 22 Fed. Rep. 54. In every instance the statutory date fixed is taken as the criterion to determine what personal property is taxable and to whom it should be taxed. Some arbitrary rule of date has been found necessary, and, although, in many instances working hardship and inequality to some extent in taxation, it has been found the best regulation that could be established by law. *Board* v. *Wilson,* 24 Pac. Rep. 563; *Shaw* v. *Dinnie,* 5 Gilm. 418; *Hunnewell* v. *Cass Co.,* 22 Wall. 477; *People* v. *Kohl,* 40 Cal. 127; *State* v. *Hardin,* 34 N. J. L. 79; *Field* v. *City,* 10 Cush. 65; *De Arman* v. *Williams,* 5 S. W. Rep. 904; *Lamb* v. *Rawles,* 33 Ind. 386; *Ry. Co.* v. *State;* 13 Lea 248; *Sully* v. *Poorbaugh,* 45 Ia. 455; *Wangler* v. *Black Hawk Co.,* 9 N. W. Rep. 314; *Johnson* v. *Lyon,* 106 Ill. 64;

*Graham* v. *Chautauqua Co.,* 2 Pac. Rep. 549; *Hull* v. *Johnson,* 63 Pac. Rep. 455. The words "Taxation by uniform rule," as used in § 176, means by one and the same unvarying standard. *Exchange Bank* v. *Hines,* 3 Ohio St. 15, and cases above cited.

*J. F. Selby,* for respondent.

The proviso in § 1211, Revised Codes, nowhere appears in the 1878 revenue laws of the state of Minnesota; nor does the provision "All personal property, wherever and whenever found between the 1st day of April and the 1st day of June shall be listed by the assessor" appear in the Minnesota statute. The exemption of land from taxation after a certain date under the provisions of their statute was before the supreme court of Wisconsin, and it was there held that the provision of the statute to the effect that real estate might be assessed at any time between the 1st day of May and the time appointed for the sitting of the board of review, was legal and not in conflict with the constitution. *Wis. Cent. Ry. Co.* v. *Lincoln County,* 15 N. W. Rep. 121. Notwithstanding the constitutional provision that all taxation shall be equal and uniform, it is competent for the legislature to provide that property brought into the state subsequent to the taxing date may be assessed for taxation for the then current year. *Kelley* v. *Rhoads,* 51 Pac. Rep. 593; *Kelley* v. *Rhoads,* 63 Pac. Rep. 935; *Hull* v. *Johnson,* 63 Pac. Rep. 455; *Hudson* v. *Miller,* 63 Pac. Rep. 21; *Prairie Cattle Co.* v. *Williamson,* 49 Pac. Rep. 937; *Collins* v. *Green,* 62 Pac. Rep. 813; *Hull* v. *Johnson,* 67 Pac. Rep. 548. Property coming into the state after the regular assessing period may be assessed and taxed by proper statutory provisions without invading the uniformity of the taxation. *Wright* v. *Stinson,* 47 Pac. Rep. 761. If the words "then value" in the proviso to § 1211, Rev. Codes, are given their literal meaning, the proviso would conflict with the general rule of assessing property with reference to its value on April 1st. If it exists as an exception to the general rule established by the statute, the exception must give way to the general rule. *Collin* v. *Green,* 62 Pac. Rep. 813; *Hull* v. *Johnson,* 63 Pac. Rep. 455. This statute has been sustained against the objection that it was special legislation. *Mpls. & Nor. Elev. Co.* v. *Traill Co.,* 9 N. D. 213.

YOUNG, J. The plaintiff is a foreign corporation engaged in the manufacture of threshing machines in the city of Richmond, Ind. This action was brought to recover the sum of $59.22 paid by the plaintiff to the defendant as sheriff of Traill county for an alleged personal property tax assessed by the taxing officers of said county in the year 1900 upon a certain threshing engine and separator, of which the plaintiff was the owner. Payment of the tax in question was made by plaintiff under protest, and under the coercion of a seizure of its property by the defendant sheriff. The defendant interposed a general demurrer to the complaint, and the same was sustained by the trial court. Judgment was ordered and entered

dismissing the action. Plaintiff has appealed from the judgment, and assigns the order sustaining the demurrer to its complaint as error.

The complaint, in substance, alleges that the property which was the basis of the tax exacted from plaintiff was not in Traill county, or in this state, on the 1st day of April, 1900, but was at plaintiff's factory, at the city of Richmond, in the state of Indiana, on said date; that said property was listed and assessed for taxation in said city and state for said year; that the property in question was not shipped into this state and into the city of Hillsboro, in Traill county, until April 27, 1900; that subsequent to said last-named date it was assessed by the city assessor of said city of Hillsboro for the year 1900, and said assessment returned to the county auditor of Traill county; that the tax in question was based upon the assessment so made and returned. Further reference to the averments of the complaint will not be necessary.

The facts stated present the single question in controversy in this case, which is whether, under the revenue laws of this state, property coming into existence or brought into the state after April 1st in any year is taxable for that year. It is conceded that, if property brought into the state after April 1st is subject to taxation for the current year, the property in question was lawfully assessed, and the complaint does not state a cause of action. If, on the other hand, property coming into the state after April 1st is not taxable for that year, then the sum of money which plaintiff seeks to recover concededly was exacted without authority of law, and the complaint states a cause of action for its recovery. It will thus be seen that the entire controversy is as to the taxability of the plaintiff's property when assessed.

Counsel for plaintiff contends that "personal property brought into the state after April 1st in any year is not taxable for that year." Counsel for defendant, on the other hand, maintains that not only is property which has a situs in the state on April 1st of any year taxable for that year, but that "all personal property, whenever and wherever found, in this state between the 1st day of April and the 1st day of June of each year, is subject to assessment and taxation under the general revenue laws of the state; and this, whether the property was owned in the state on the 1st day of April, or came into the state on or after that date, before the 1st day of June, and during the assessing period." Briefly stated, the position of counsel for plaintiff is that only such personal property as is in the state on April 1st is taxable; whereas, counsel for defendant contends that all personal property having a situs within the state at any time between the 1st day of April and the 1st day of June of any year is subject to taxation for that year, and should be assessed. The solution of the question thus presented turns upon the provisions of chapter 126 of the Laws of 1897, which chapter is now embodied in chapter 18 of the Political Code (Rev. Codes

1899), under which the assessment in question was made. Counsel for both parties agree that all property which is made taxable by said chapter is required to be listed and assessed with reference to its value on the 1st day of April, and this is undoubtedly a proper construction of the provisions relating to valuation; but, as has been stated, counsel disagree radically on the question as to what property is subject to taxation. It is urged on behalf of the defendant that the legislature has authorized the assessment and taxation of all personal property which has a situs in the state at any time during the assessing period,—that is, between April 1st and June 1st,—without regard to its existence or presence in the state on April 1st, and the trial court so held. An examination of the provisions of the statutes which control this question leads us to a different conclusion.

The revenue laws now in force in this state were borrowed from the state of Minnesota, and were first adopted in chapter 132, Laws 1890, the parent statute being chapter 11, Gen. St. Minn. 1878. The Revised Codes of 1895 repealed the above chapter, and restored the revenue system embraced in the Compiled Laws, which were in force in this jurisdiction prior to 1890. Chapter 126, Laws 1897, our present statute, superseded the Laws of 1895, and restored the original 1890 law, which, as we have seen, was adopted from the state of Minnesota.

It is properly conceded by counsel for defendant that both under the provisions of the Compiled Laws and under the provisions of the Revised Codes of 1895 the power to assess personal property for taxation in each year was limited to personal property situated within this state on the 1st day of April, and that the assessment of personal property was required to be made in the name of the owner on said date at its then value. The language employed by the legislature was clear and explicit, and left no room for cavil as to its purpose to fix upon April 1st of each year as a particular point of time which was to determine the taxability of personal property for each current year. See section 1547, Comp. Laws; section 1182, Rev. Codes 1895. The language of chapter 126, Laws 1897, under which the assessment here in question was made, is somewhat different from that found in the Compiled Laws or in the Revised Codes of 1895, and certain provisions are contained in it which were not embraced in the Minnesota statute from which it was originally taken. It is entirely upon these differences that counsel for defendant bases his claim that a different period for determining the taxability of personal property from that formerly existing has been provided. Before considering the several provisions relied upon to sustain the contention that a change was made in legislation, whereby a new period covering the entire months of April and May was fixed for determining the taxability of personal property in lieu of the single point of time designated by the Compiled Laws and Revised Codes of 1895, to-wit, April 1st

of each year, it will be necessary to refer to the Minnesota statute from which the statute under consideration was taken. Section 6, c. 11, Gen. St. Minn. 1878, reads as follows: "Sec. 6. All real property in this state subject to taxation shall be listed and assessed every even numbered year with reference to its value on the first day of May preceding the assessment; and all real estate becoming taxable in any intervening year shall be listed and assessed with reference to its value on the first day of May of that year. Personal property shall be listed and assessed annually with reference to its value on the first day of May." The foregoing section was adopted literally by the legislature of this state in the revenue laws of 1890. Section 6, and subdivision 9, § 7, c. 132, Laws 1890. The legislature of 1897 changed the date to April 1st. Aside from this change, the statute then enacted and now in force, although not in the same language, is the same, in substance and effect, as the Minnesota statute above quoted. Section 6, and subdivision 10 of section 7, c. 126. Laws 1897, now known as section 1181, and subdivision 10 of section 1182, Rev. Codes 1899, are as follows (section 1181): "All property subject to taxation shall be listed and assessed every year at its value on the first day of April preceding the assessment." Section 1182, subd. 10: "Personal property shall be listed and assessed annually with reference to its value on the first day of April." The language of the above sections, when considered alone and independently of certain other provisions of the chapter to which we will hereafter refer, expresses the legislative purpose to fix upon April 1st as a point of time for determining the taxability, ownership, and value of both real and personal property for the purposes of taxation. Such was the construction placed upon the provisions referred to by the supreme court of Minnesota in *Martin Co. v. Drake*, 40 Minn. 137, 41 N. W. Rep. 942, decided January 30, 1889, which was prior to their adoption in this state. Mitchell, J., speaking for the court in that case, said: "All tax laws have to fix upon some particular date in the year at which to determine the taxability as well as the ownership and value of property for purposes of assessment and taxation. Our revenue laws have fixed this at the 1st of May. Gen. St. 1878, c. 11, § § 6, 24, 105. Personal property is assessed and taxed with regard to both its value and ownership at that date. Real estate is assessed according to its value at that date. * * * Every man must pay taxes on what he then owns, and at its then value, no matter how short a time he may have owned it, or how soon thereafter it is lost. All property, if in being as taxable property at that date, is liable to taxation for that year at its then value, although it may only have come into being the day before, and may be, in whole or in part, destroyed the day after." The legislature of this state will be presumed to have adopted the provisions referred to, with the construction theretofore given them by the Minnesota supreme court, under the familiar

rule that "statutes originally enacted in another state, when adopted, are·deemed to be taken with the settled construction given them in the state from which they are copied." Suth. St. Const. p. 337, and cases cited in note 2. It is manifest that if the legislature has provided a period of time for determining the taxability of property different from that expressed in the sections above quoted it must be found elsewhere.

Counsel for defendant relies entirely upon the provisions of sections 1189, 1211, Rev. Codes 1899, to sustain his contention that the legislature intended that all property coming into existence or into the state during the assessing period, which extends from April 1st to June 1st, should be assessed for the purposes of taxation for the current year. So far as important to the question at issue, the sections are as follows:

"Sec. 1189. *All personal property wherever and whenever found between the first day of April and the first day of June shall be listed by the assessor, and* in all questions that may arise under this chapter as to the proper place to list personal property, or where the same cannot be listed as stated in this chapter, if between several places in the same county, the place for listing and assessing shall be determined and fixed by the county board; and when between different counties, or places in different counties, by the auditor of the state; and when so fixed shall have the same effect and be as binding as if listed by the assessor as required by this chapter."

"Sec. 1211. The assessor shall perform the duties required of him during the months of April and May of each year, except in cases otherwise provided, and in the following manner, to-wit: * * * He shall make an alphabetical list of the names of all persons * * * liable to assessment of personal property, and require each person to make a correct list and statement of such property according to the prescribed form, which statement and list shall be subscribed and sworn to by the person listing the property with full name; and the assessor shall thereupon determine the value of the property included in such statement and enter the same in his assessment books opposite the name of the party assessed: * * * *provided, that personal property shall be assessed upon view, by the assessor at any time within the limit prescribed by ·the provisions of this article, at its then actual value regardless of any change of ownership prior to such assessment; but if the owner, factor or agent can show by duly authenticated certificate that the property has been lawfully assessed in any other town, city, village or district in this state for that year, then such property shall not be assessed."*

Those portions of the sections quoted which are in italics were not contained in the Minnesota statute, but were added by the legislature of this state when the sections referred to were adopted. Do these added provisions create a new and different period for deter-

mining the taxability of property, as contended for by defendant's counsel? We are of opinion that they do not. A change in the law will not be lightly inferred by mere changes in phraseology. The intent to change must be clearly made to appear. On this point Sutherland on Statutory Construction (at section 256) says: "Every change of phraseology does not indicate a change of substance and intent. The change may be made to express more clearly the same intent or merely to improve the diction. The change is often found to be the result of carelessness or slovenliness of the draftsman. The changes of phraseology may result from the act being the production of many minds, and from being compiled from different sources. Hence the presumption of a change of intention from a change of language is of no great weight, and must mainly depend on the intrinsic difference as resulting from the modification. A mere change in the words of a revision will not be deemed a change in the law unless it appears that such was the intention. The intent to change the law must be evident and certain. There must be such substantial change as to import such intention, or it must otherwise be manifest from other guides of interpretation, or the difference of phraseology will not be deemed expressive of a different intention. Revisions naturally involve some modifications of expression to bring the laws into system and uniformity." The same author states a rule of construction, which we deem to be applicable to this case (at section 215), as follows: "It is an elementary rule of construction that all the parts of an act relating to the same subject should be considered together, and not each by itself. By such a reading and consideration of a statute its object or general intent is sought for, and the consistent auxiliary effect of each individual part. Flexible language, which may be used in a restricted or extensive sense, will be construed to make it consistent with the purpose of the act, and the intended modes of its operation as indicated by such general intent, survey and comparison. 'Ex antecedentibus et consequentibus fit optima interpretatio.' The order in which provisions occur in a statute is immaterial, where the meaning is plain and there is not a total conflict. A later clause or provision may qualify an earlier one, and the converse is equally true." It follows from an application of the principles of construction above quoted to the provisions of the statute under consideration that the construction contended for by counsel for defendant cannot be sustained.

At the outset it will be noted as a fact of considerable significance that section 1181 and subdivision 10 of section 1182, previously quoted, were not expressly modified, and, as we have seen, said sections, when adopted in this state, had been construed by the supreme court of Minnesota as fixing April 1st as a point of time for determining the taxability of personal property as well as its ownership and value. The defendant relies upon the provision added to section 1189, that "all personal property wherever and

whenever found between the first day of April and the first day of June shall be listed by the assessor," to sustain his contention. It might appear from a mere casual reading of this provision that it not only supports the defendant's contention, but that it is in conflict and is inconsistent with the earlier sections, 1181 and 1182, which, as we have seen, under a construction settled prior to their adoption in this state, fixed upon April 1st as a point of time for de termining the taxability, ownership, and value of personal property for the purposes of taxation. But a more careful examination discloses that there is no real conflict. The provision last quoted, and upon which the defendant relies entirely, must be construed with reference to all other provisions contained in the chapter of which it is a part, which relate to the same subject, and when so construed the provision is not embarrassing, and is not inconsistent with the provisions of sections 1181 and 1182, supra. The last-named sections are general in nature, and, as construed, when adopted require the listing and assessment of all personal property with reference to its existence, ownership, and value on April 1st of each year. Subsequent sections regulate the details of listing and assessment. The persons who are required to list are enumerated. The taxing districts in which personal property is required to be listed are designated with reference to the kind of property, its situs, and the residence of owners. The primary duty of listing property is placed upon the owners thereof. It is the duty of the assessor to procure the lists so prepared, and to place a valuation upon the property so listed, and the duty of the assessor to make out lists of property arises only upon a default on the part of the persons upon whom the duty is primarily imposed. It evidently was not deemed necessary by the legislature, in order to express its intention, and we think it was unnecessary, to repeat in each separate section, and they are very numerous, a provision that the property which the tax payer shall list and the property which the assesssor shall assess is property which is taxable on the 1st day of April. That general declaration was made in sections 1181 and 1182, supra, and it is apparent that when the several subsequent sections refer to the details of listing and assessment of personal property, and the duties of property owners and assessors in reference thereto, reference is made only to property subject to taxation under the provisions of sections 1181 and 1182, which, as aleready stated, include only personal property in existence and taxable in this state on April 1st. The fact that the process of listing and assessment may extend from April 1st to June 1st has no significance. It was evident to the legislature that it was impracticable to obtain all of the lists of property and complete the assessment in a single day. For this reason the legislature granted a period of two months in which these duties may be performed, and whether performed on the 1st day of April or the last day of May they are of equal effect and validity, for the reason that the details of listing and

assessment, while accomplished at a later date, relate back to the day when the duty of listing and assessing arose; that is, to April 1st. On this point see *State v. Edwards*, 136 Mo. 360, 38 S. W. Rep. 73; *In re Kauffman's Estate*, 104 Iowa, 639, 74 N. W. Rep. 8; *Hayden v. Roe*, 66 Wis. 288, 28 N. W. Rep. 186; Cooley, Tax'n, 354, 355; 1 Desty, Tax'n, 194.

Again, it will be noted that there is no provision in the statute which requires the making of additional or supplemental lists to cover property acquired after April 1st. On the contrary, the statute contemplates the making of but one list. It is therefore evident that if all persons who under the law are required to list property within a certain taxing district should on the 1st day of April make out and deliver to the assessor a true and correct list of all personal property then taxable the law would be fully complied with. There is no provision from which it can be inferred that, after such lists have been made and delivered to the assessor, there still remains the further and continuing duty to make out further and additional lists from time to time during a period of two months to cover the various articles of personal property of which persons might, in the course of business or otherwise, become owners. It must be conceded that the legislature has placed no such onerous duty on persons charged with the duty of listing property for the purposes of taxation. This being true, it follows necessarily that when the duty of listing personal property devolves upon the assessor, through a default on the part of those primarily charged with that duty, he is merely required to prepare or procure a list embracing the same property as would have been included had the list been made by the person charged with that duty on April 1st, and he is neither required nor authorized to include or add other or additional property to that which was taxable on the 1st day of April. In this view,—and no other rational construction seems possible,—the command laid upon the assessor in section 1189 to list all personal property, wherever and whenever found, between the 1st day of April and the 1st day of June, must be held to be merely a requirement that, while performing his duties during the assessing period, he shall list, not all personal property which may have an existence in his taxing district during that period, but all personal property in such district which is subject to taxation for the current year, and which it was the duty of the owners to list on the 1st day of April. This interpretation is in harmony with the general provisions contained in sections 1181 and 1182, as construed by the supreme court of Minnesota, and also with all other portions of the act. It is also in harmony with the legislative policy during territorial times as expressed in the Compiled Laws, and also with the policy of this state as plainly declared in the Revised Codes of 1895. We think, too, that it is a fact of some importance on the question of legislative intent that the legislature in the same chapter, in making provision for the taxation of shares of bank stock, pro-

vided that they "shall be listed and assessed annually with regard to the ownership and value thereof on the first day of April of each year." Section 26, c. 126, Laws 1897. Also that a subsequent legislature, in chapter 5, Laws 1899, in making provision for the taxation of grain in the possession of elevators, warehousemen, etc., required such grain to be assessed to the person, company, or corporation in whose possession it was found on April 1st of each year.

It is not claimed by counsel for defendant that the proviso added to section 1211 grants any power to assess property coming into this state after April 1st. It is argued, however, that it tends to sustain defendant's construction of section 1189. We are unable to see wherein the proviso referred to lends aid to counsel's contention or conflicts in any particular with the conclusions we have reached. It is conceded that the requirement that personal property shall be assessed "at its then value" relates back to April 1st, and does not relate to the time when it is actually inspected by the assessor. So, also, we think the intent and meaning of the provision that personal property shall be assessed "regardless of any change of ownership prior to such assessment" is not obscure, when considered in connection with the further provision of the section that the owner, factor, or agent who is called upon by the assessor to list property in his possession or under his control during the assessing period can relieve himself from the assessment of property found in his possession by showing that it has been assessed elsewhere in the state for that year. The plain purpose of this provision is to relieve the assessor from the burden of ascertaining the ownership of the property on April 1st, which is the period of time which determines its taxability, and casts such burden upon the person in whose possession it is found; and, in case the person in possession fails to show that the property has been assessed elsewhere and to the owner of the same on April 1st, the assessor is authorized to presume that the person then in possession was the owner of the same on April 1st, and to make the assessment accordingly.

For the reasons stated we have reached the conclusion, without hesitation, that under the general revenue laws of this state the taxability of personal property depends upon its existence and presence in the state on the 1st day of April of each year. This we believe has been the construction placed upon our revenue laws both by the public and by the officers charged with their execution. Were the question a doubtful one,—and we do not think it is,—this fact alone would probably control our decision, under the wholesome rule that "the practical construction given to a doubtful statute by the public officers of the state and acted on by the people thereof, is to be considered. It is perhaps decisive in case of doubt." Suth. St. Const. § 309, and cases cited at note 4. We may also add that, if the language employed by the legislature made the question fairly debatable, it would, we think, be our duty to hesitate long before holding that it was the purpose of the legislature to

establish a two-months' period for determining the taxability of personal property, and thus introduce into this state a system involving great injustice to taxpayers and confusion in tax proceedings,—a system which is not possible of being made effective, and which has been universally condemned by the courts. As already stated, however, we find no warrant in the statutes for holding that the legislature had in view any such intention.

It follows that the trial court erred in sustaining the demurrer to the complaint. Judgment reversed. All concur.