UNITED TELEPHONE MUTUAL AID CORPORATION, a corporation, Plaintiff and Respondent,

v.

The STATE of North Dakota and the County of Cavalier, Defendants and Appellants.

No. 7660.

Supreme Court of North Dakota.

Dec. 20, 1957.

Leslie R. Burgum, Atty. Gen., Kenneth M. Jakes, Sp. Asst. Atty. Gen., for appellant.

Duffy & Haugland, Devils Lake, for respondent.

BURKE, Judge.

The issue in this case is whether the operating property of the plaintiff was assessable for taxation for the calendar year 1955 under the provisions of Chap. 57–06, NDRC, relating to public utilities or under the provisions of Chapter 57–34, NDRC 1943, relating to mutual aid and cooperative telephone companies.

The plaintiff, a mutual aid corporation, in February 1954, entered into an agreement with the North Dakota Telephone Company, a public utility, for the purchase of its operating property in Langdon. The North Dakota Telephone Company remained in possession of the property and continued to use such property in the operation of a public utility until March 2, 1955, when the contract of sale was fully executed and a bill of sale and possession of the property were delivered to the plaintiff. In August 1955, the State Board of Equalization assessed the property as that of a public utility under the provisions of Chapter 57–06, NDRC 1943.

The plaintiff brought this action under the provisions of Chapter 57–08, NDRC 1943, seeking a cancellation of the assessment made and a reassessment under the provisions of Chapter 57–34, supra. The district court decreed that the assessment was void and directed a reassessment as prayed for in the complaint. The State has appealed from the judgment.

The first question in the case is whether the status of a telephone company for assessment purposes for any calendar year is fixed by the nature of its ownership and operation as of January 1st of the year or as of the date in the year upon which the assessment is made. Public utilities including commercial telephone companies are assessed pursuant to the provisions of Chapter 57–06, NDRC 1943. Section 57–0606 of this chapter requires each such utility to file with the tax commissioner on or before the first day of May of every year a complete inventory of all of its assets as of January 1st of the year in which the inventory is filed.

Section 57–0611 provides:

"The tax commissioner, on or before July fifteenth of each year, shall ascertain and determine the value of all operative property of any company required to be assessed under the provisions of this chapter. Such determination of value shall be made for the guidance of the state board of equalization in assessing such property at its annual meeting in August. In making such determination of value, the tax commissioner shall be governed by the rules laid down by this chapter, and by such directions as may be given to him by the state board of equalization."

Section 57–0605 is as follows:

"The state board of equalization, at its annual meeting in August, shall assess the franchises and all operative property of sleeping car, telephone, telegraph, power, gas, and other companies, covered by this chapter, with reference to the value thereof on the first day of January of that year."

Mutual or cooperative telephone companies are assessed according to the provisions of Chapter 57–34, NDRC 1943. Section 57–3402 of this chapter requires all

mutual telephone companies to file with the tax commissioner on or before May 1st of each year a statement of the number of telephones in service on December 31st preceding.

Section 57–3403 provides:

"On or before August first of each year, the tax commissioner shall compute the total tax to be assessed against each telephone company in this state at the rate of fifty cents for each telephone instrument used by such company in furnishing telephone service on December thirty-first preceding. This computation shall include telephone instruments owned by subscribers or members of such telephone company."

Section 57–3404 reads:

"At its meeting in August each year, the state board of equalization, after considering the reports and computations of the tax commissioner, shall make an assessment of the tax to be collected from each telephone company subject to the provisions of this chapter. The board shall not increase the tax on any company beyond the sum computed by the tax commissioner, except upon ten days' written notice to such company of the amount of the proposed increase. Any company so notified may demand a hearing, which the board shall grant forthwith."

A consideration of these statutes makes it clear that the basis of assessing public utility telephone companies is the value of the property of such companies as of January 1st of the year in which the assessment is made. It is also clear that mutual and cooperative telephone companies are to be assessed upon the basis of the number of telephones they had in service on December 31st of the year preceding the year in which the assessment is made. The interpretation of these statutes as they relate to a continuous operation of either type of telephone companies presents no difficulty. Here, however, we have a situation where the title and possession of the property and the character of the operation changed in the interim between the date to which the assessment was referable and the date upon which it was actually made. The Board of Equalization concluded that the applicable statutes fixed January 1st, as the date, not only for determining value, but also for determining taxability and ownership, and accordingly assessed the property as that of the North Dakota Telephone Company, the public utility which held title to, and possession of, the property on January 1st prior to the assessment.

■ The statutes with which we are concerned are not unusual. In Cooley on Taxation, 4th Ed., Sec. 1062, it is stated:

"The customary regulation is that the assessment shall be made or completed on a certain day, or that it shall be made as of a certain day. This fixes the liability of persons and property to taxation for the year. There are some inconveniences and inequalities resulting from this, but some regulation of the kind is indispensable."

Also in Sec. 546, Ibid. it is said:

"* * * There must be some day of the year as of which the power to tax property at all, or the power to tax it to a certain person, is to be determined. That day will fix the power to tax with reference (1) to whether the property was in existence on that date, (2) whether the property was within the jurisdiction so as to have taxable situs on that day, (3) whether the property was exempt from taxation on that day and (4) whether the property should be taxed to one person or another as dependent on its ownership on that day."

51 Am.Jur. (Taxation, Sec. 442) 458 it is said:

"* * * A state may make the ownership of property subject to taxation relate to any day or days or period of the year it may think proper."

In 84 C.J.S. Taxation § 60, p. 162, it is stated:

" * * * Subject to constitutional restrictions, the state may select, the time as of when tax liability shall be determined, and the taxable status of persons and property will be determined as of the time specified in the statute."

This court has had occasion to interpret statutes similar to those we have under consideration. In Gaar, Scott & Co. v. Sorum, 11 N.D. 164, 169, 90 N.W. 799, 800, we said:

"Section 6 and subdivision 10 of section 7, c. 126, Laws of 1897, now known as section 1181, and subdivision 10 of section 1182 Rev.Codes 1899, are as follows: (section 1181): 'All property subject to taxation shall be listed and assessed every year at its value on the first day of April preceding the assessment.' Section 1182, subd. 10: 'Personal property shall be listed and assessed annually with reference to its value on the first day of April.' The language of the above sections, when considered alone and independently of certain other provisions of the chapter to which we will hereafter refer, expresses the legislative purpose to fix upon April 1st as a point of time for determining the taxability, ownership, and value of both real and personal property for the purposes of taxation. Such was the construction placed upon the provisions referred to by the supreme court of Minnesota in Martin Co. v. Drake, 40 Minn. 137, 41 N.W. 942, decided Jan. 30, 1889, which was prior to their adoption in this state. Mitchell, J., speaking for the court in that case, said: 'All tax laws have to fix upon some particular date in the year at which to determine the taxability as well as the ownership and value of property for purposes of assessment and taxation * * *. Every man must pay taxes on what he then owns,

and at its then value, no matter how short a time he may have owned it, or how soon thereafter it is lost.' "

■ Conformable to foregoing opinion and to what we believe is a general rule for the construction of similar assessment statutes we hold that Section 57-0605, NDRC 1943, in providing that the property of utilities shall be assessed "with reference to the value thereof on the first day of January of that year" implies that the taxability and ownership of the property shall also be determined as of that day.

■ The plaintiff, however, urges that since it had entered into a contract for the purchase of the property of the North Dakota Telephone Co. in March 1954, it was the equitable owner thereof on January 1, 1955, and that therefore the property should be taxed as the property of a mutual or cooperative telephone company for the year 1955.

This contention cannot be sustained. If we concede that plaintiff is correct in its assertion that it was the real owner of the property, the property was nevertheless in the possession of and used by a commercial telephone company in its business on January 1, 1955. The basis upon which plaintiff was given a favored classification for tax purposes was the nature of its business and it could not permit a part of its property to be used in another type of business and be entitled to the preferential tax rate on that property. To permit such a result would remove pro tanto any real or substantial difference upon which the legality of the classification depends. Gamble-Robinson Fruit Co. v. Thoresen, 53 N.D. 28, 204 N.W. 861, 42 A.L.R. 1039; Eisenzimmer v. Bell, 75 N.D. 733, 32 N.W.2d 891.

It is therefore immaterial whether we consider the North Dakota Telephone Co. or the plaintiff the owner of the assessed property on January 1, 1955. At that time the property was in use in the operation of a regular commercial telephone business

and was assessable as such. It follows that the assessment made by the State Board of Equalization was correct. The judgment of the district court is reversed.

GRIMSON, C. J., and JOHNSON, SATHRE, and MORRIS, JJ., concur.