## No. 5877.

### City of New Orleans vs. Mrs. James A. Ferguson.

By acts of 1873, section two, page thirty-eight, exclusive jurisdiction is given to the Superior District Court of tax suits.

There is no force in the plea that the assessment or publication was improperly made in the name of Mrs. J. A. Ferguson simply, and that the words "estate of" were not added as they should have been, considering that the assessment was made after her decease. The sole purpose in giving the name at all being to describe or identify the property taxed and the tax assessed, it is evident that the addition of the word " estate " would no more clearly indicate that the property taxed is that known as Mrs. Ferguson's.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J. B. F. Jonas,* City Attorney, and *Samuel P. Blanc,* Assistant City Attorney, for plaintiff and appellee. *A. & W. Voorhies,* for defendant and appellant.

Taliaferro, J. This is a tax suit for $550—city tax of 1875. Its payment is resisted on the ground that the assessment or publication was improperly made in the name of Mrs. J. A. Ferguson simply, and that

the words "estate of" were not added as they should have been, seeing that the assessment was made after her decease. To this the reply was that the object of giving the name at all is obvious; the sole purpose being to describe or identify the property taxed and the tax assessed, by the use of the name of Mrs. J. A. Ferguson, which it seems is admitted, would have been sufficient if she were still living; that after her decease, the addition of the word "estate" would no more clearly indicate that the property taxed is that known as Mrs. Ferguson's. The jurisdiction of the Superior Court was questioned, the defendant contending that the Second District Court has exclusive jurisdiction in suits against successions. By acts of 1873, section two, page thirty-eight, exclusive jurisdiction is given to the Superior District Court of tax suits. Judgment was rendered in the court below in favor of the plaintiff, and defendant appealed. We see no error in the judgment, and we therefore affirm it with costs.