SILCOTT v. McCARTY.

1. **Practice in Supreme Court:** ABSTRACT NOT DENIED. The statements of an abstract which is not denied will be taken as true.

2. **Tax Records:** PRESUMPTION OF REGULARITY IN. Where a personal property tax appears on the tax-list of a certain township, it will be presumed, in the absence of any showing to the contrary, to have been placed there at the proper time, and by lawful authority.

*Appeal from Warren Circuit Court.*

WEDNESDAY, DECEMBER 5.

ACTION to recover upon the warranty of a deed for land. The cause was tried to a jury, and a verdict rendered for plaintiff under direction of the court, and judgment accordingly. Defendant appeals. The facts of the case appear in the opinion.

*Todhunter & Hartman,* for appellant.

*H. McNeil,* for appellee.

BECK, J.—I. The plaintiff seeks to recover, upon the warranty of a deed executed to him by defendant, the amount paid by him to redeem the land from a tax sale.

The point in controversy between the parties involves the validity of the sale of the lands for personal taxes levied upon the property of a copartnership, the land being assessed to one of the partners, and the tax against the partnership property being transferred to the partner to whom the land was assessed, and who, as the pleadings show, owned it. We gather from the very obscure abstracts, and the equally obscure statement of facts made by the respective parties, that the lands were *probably* sold at the same sale, as well for taxes levied upon it, as for the personal property tax of the co-partnership, and that *probably* the defendant, after ac-

quiring a title to the land by sheriff's sale, paid the amount due upon the sale arising from the tax on this land itself, or, in other words, redeemed from the tax sale, so far as to pay the personal tax, with interest, penalty and costs, assessed against the land. But these doubtful matters do not control the decision of the case, and we give ourselves no concern about them.

II. Defendant contends, as we understand him, that this personal tax was not upon the tax book against the land at the time of the sale, claiming that it appeared in the tax book to be among the taxes of a township other than the one in which the land was assessed. In other words, the personal property tax was found in the tax list for Washington township, while the real estate tax was in the list for White Oak township. The amended abstract filed by plaintiff, which is not denied, and therefore must be taken as true, shows that the tax book of· White Oak township exhibits the sale of the land for the amount of the personal tax. It is evident that this personal property tax was upon the tax list of that township. When, by whom, or how it was placed there, does not appear. We must presume, in the absence of any showing to the contrary, that it was done at the proper time and by lawful authority. This aspect of the case dispenses with the consideration of· defendant's objections to the decision of the court below, made in the rulings upon the admission of evidence, and in the instructions, which, with one exception, appear to be based upon the position that the personal tax does not appear upon the tax book of White Oak township.

III. The supervisors ordered the amount of the personal tax to be refunded to the holder of the certificate of purchase at the tax sale. This fact is made a ground of objection. It is disposed of by the consideration that, before payment was made under this order, it was rescinded.

It is our opinion that the judgment of the circuit court ought to be

AFFIRMED.