## BRIDGMAN v. THE CITY OF KEOKUK ET AL.

1. **Taxation**: CORPORATION STOCKS: DEDUCTION OF INDEBTEDNESS. Corporation stocks are not " credits " of the owner, within the meaning of § 814 of the Code, which provides that for the purposes of taxation the tax payer may deduct from his moneys and credits the debts which he in good faith owes at the time.

*Appeal from Lee Circuit Court.*

THURSDAY, JUNE 16.

THE plaintiff made application to the board of equalization

of the city of Keokuk to correct the assessment against him upon certain stock in a loan and building association. The correction was not made, but refused, and plaintiff appealed to the circuit court, where it was ordered to be made, the action of the board of equalization being reversed. Defendants appeal.

*D. F. Miller, Jr.,* and *Anderson, Davis & Hagerman,* for appellants.

*James H. Anderson,* for appellee.

BECK, J.—I. The plaintiff owned sixty shares of the stock of the Keokuk Loan & Building Association, of the cash value of $4,665. Nothing is shown as to the rules of the association relating to its stock, further than that payment was to be made for the shares at the rate of one dollar per month, until the value of each share, with interest earned by the association, reached $200 per share. Plaintiff borrowed $7,000, which he used in the purchase of stock in the State Bank of Keokuk, giving as collateral security upon the loan his stock in the loan and building association. He demanded that his indebtedness on account of this loan be deducted from his stock in the loan and building association, which, if done, would relieve him from taxation thereon. The board of equalization refused to do so, but, upon appeal, the circuit court held differently, and directed the assessment of the stock to be stricken out.

II. The sole question for our determination is this: Is the assessment for the stock to be diminished by the tax-payer's indebtedness? From moneys and credits, good-faith debts of the tax-payer are to be deducted in making his assessment. (Code, § 814.) We must therefore inquire whether stock in corporations is to be classed as "credits." Stock in corporations ordinarily—and there is nothing to show that the stock of plaintiff in question is subject to a different rule—is not a credit, it is not an indebtedness to its owner, but, on the contrary, is an interest in the prop-

erty of the corporation. Its owner holds an equitable interest in the property of the corporation, which is represented by the term "stock," and the extent of his interest is described by the term "shares." The expression "shares of stock," when qualified by words indicating number and ownership, expresses the extent of the owner's interest in the corporation property. The interest is equitable, and does not give him the right of ownership to specific property of the corporation. But he does own the specific stock held in his name, and, under the rules of law, the property of the corporation is held by the corporation in trust for the stockholders. It will be readily seen that a share of stock is a thing owned by the stockholder. It is in no sense a debt owing to the stockholder. It is not, therefore, a credit. Our statutes so recognize it. See Code, §§ 802, 813, 818.

Code, § 801, as amended by chapter 163, Acts Sixteenth General Assembly, expressly provides that stock of mutual loan and building associations shall be assessed at their cash value. There is nothing in the statute to indicate that the assessment thereof can be diminished by debts, or in any other manner.

We reach the conclusion that the circuit court erred in holding that plaintiff's assessment for the stock is subject to reduction by his indebtedness. The judgment will be reversed, and the cause remanded for further proceedings in harmony with this opinion.

REVERSED.