IN THE MATTER OF THE ESTATE OF B. F. KAUFFMAN,
Deceased. POLK COUNTY, Appellant, v. ANNA O.
KAUFFMAN, Administratrix.

**Taxation.** The omission by the assessor to inform the person assessed, in writing, of the valuation placed upon his property as provided by Code, section 1356, does not invalidate the assessment nor prejudice the owner, unless the valuation is excessive or property is erroneously included, and it will be presumed that the assessment was properly made.

**SAME.** Property must be assessed in the name of the owner, on January 1, previous to the time of making it under Code 1873, section 812, even though he has since died.

**EXECUTORS AND ADMINISTRATORS.** An administrator may, under Code, section 831, seek redress from an excessive or erroneous assessment, before the board of equalization or on appeal to the courts.

*Appeal from Polk District Court.*—HON. T. F. STEVENSON, Judge.

THURSDAY, FEBRUARY 3, 1898.

POLK county filed with the administratrix of B. F. Kauffman, deceased, a claim for the sum of one thousand one hundred and thirty-three dollars and forty-four cents, for taxes alleged to have been levied on the personal property of the decedent. Judgment in favor of administratrix, and the county appeals.—*Reversed.*

*W. G. Harvison* for appellant.

*N. T. Guernsey* for appellee.

LADD, J.—B. F. Kauffman died May 19, 1893; and, on the following day, D. S. Calkins, an assistant of one of the assessors of the city of Des Moines, called on the wife of the deceased, for the purpose of assessing the

property left by him.  He did so, fixing the value of the personal property at one thousand and ten dollars, including "corporate stocks, $600.00," and gave the wife a copy of the assessment, appearing on page 123 of the assessor's book.  The taxes levied on this valuation have been paid.  On page 259 of such book is this entry:

| Owner's Name. | Corporation Stocks. | Total of all Property. |
|---|---|---|
| Kauffman, B. F............ | 16,800 800 | 17,600 |

The taxes levied on this assessment are in controversy.  No copy thereof was given Mrs. Kauffman, and she was not advised of this assessment until January, 1895.  The time of the additional entry does not appear.  Calkins explains that the assessors met every Saturday, and that, from information derived from one of them, the assessment was made, and, as was customary in such cases, placed in the back part of the book.  Whether Kauffman was owner of any stock, or of more than first assessed, is not shown; but the assessment, in the absence of evidence to the contrary, will be presumed to have been properly made.  *Silcott v. McCarty,* 62 Iowa, 161.  And it may be conceded that, if illegal, the taxes levied thereon cannot be collected.  *Tackaberry v. City of Keokuk,* 32 Iowa, 155; *Wangler v. Black Hawk County,* 56 Iowa, 384; *Farmers' Loan & Trust Co. v. City of Newton,* 97 Iowa, 502.  The failure to notify Mrs. Kauffman of the assessment did not render it void.  *Powers v. Bowman,* 53 Iowa, 359.  It is true, that section 1356 of the Code provides that the person assessed shall be informed in writing of the valuation placed upon his property, and that he may appear before the board of review if aggrieved.  This imposes a duty on the assessor.  Its

omission, however, will not invalidate the assessment. The owner is not prejudiced unless the valuation is excessive, or property is erroneously included. Mere irregularities, not resulting in injury, will not be permitted to defeat the collection of taxes justly due. *Conway v. Younkin,* 28 Iowa, 295; *Meyer v. City of Dubuque,* 49 Iowa, 193; *Litchfield v. Hamilton County,* 40 Iowa, 66; *Robbins v. Magoun,* 101 Iowa, 580. The theory of the law is that all property not exempt therefrom shall be subject to taxation; and in order to accomplish this result, and at the same time avoid the imposition of this burden more than once, a specific date must be fixed when property shall be assessed, because of the many changes of ownership constantly occurring. For this reason the assessments of personal property in this state relate back to the first of January previous, under the provision of section 812 of the Code, 1873, that "all taxable property shall be taxed each year, and personal property shall be listed and assessed each year in the name of the owner thereof on the first day of January.   *   *   *"" Section 803 relates only to the duty of persons to assist the assessor in listing property. Sections 805 and 806 relate to the manner of listing. Now, on January 1, 1893, Kauffman was the owner of certain property; and, under the statute quoted, it was assessable in his name, for the assessment must be to the owner at that time, rather than when made. See *Shippen v. Hardin,* 34 N. J. Law, 79. Had he departed this life prior to that date, it might not have been properly assessed in his name, though, even under such circumstances, it is doubtful, in the absence of prejudice, whether such an assessment would not be valid. See *City of New Orleans v. Ferguson,* 28 La. Ann. 240; *State v. Platt,* 24 N. J. Law, 108. It is said that, in event the valuation be raised by the board of equalization, no notice could be given, under section 3, chapter 109, of the Acts of the

Eighteenth General Assembly. The notice there provided is by posting, and those interested in the estate are as fully advised by the publication of the name of the owner of January 1, previous, as of that of his administrator or heirs. Secton 831 (Code 1873) permits the owner of the property assessed to seek redress before the board of equalization, and, on appeal, in the courts. It has reference to the owner to whom the property was assessed, or his representatives and is broad enough to include the administrator. In *Burns v. McNally*, 90 Iowa, 432, the executors were such, January 1 prvious to the assessment, and were therefore owners, in the meaning of the law; and the contrary does not appear in *Cameron v. City of Burlington*, 56 Iowa, 320. Unless the statute is given an interpretation antagonistic to its plain language and evident meaning, property must be assessed in the name of the owner, January 1 previous to the time of making it, even though he has died since. Such a ruling tends to uniformity, and enables every person to guard his interests. Some authorities are called to our attention to the effect that under certain circumstances an assessment cannot be made in the name of a dead man; but a careful examination of these discloses that they are not in point, or construe statutes differing essentially from those of this state. Such provisions seem to be uniformly upheld. See authorities collected in 25 Am. & Eng. Enc. Law, 213. That valuation of stock cannot be offset by indebtedness, is settled in *Bridgman v. City of Keokuk*, 72 Iowa, 42. It follows that the amount of taxes, with penalties, ought to have been established as a claim against the estate of the deceased.—Reversed.