Abrahams v. Medlicott.

JOHN V. ABRAHAMS, *Appellant, v.* STANLEY MEDLICOTT,
*as County Treasurer, etc., et al., Appellees.*

No. 17,313.

SYLLABUS BY THE COURT.

BUILDING AND LOAN ASSOCIATION—*Stock—Taxation—Not a Credit.* Stock issued by a building and loan association was divided into classes. One class consisted of prepaid stock upon which interest is payable out of the earnings of the association at a rate not exceeding six per cent per annum; the holders have the right to withdraw the amount paid in upon conditions stated in the by-laws, and the association has the right to retire the stock upon notice. The holders are members of the association, eligible to vote and hold office therein as stockholders. It is *held* that the stock is not a credit within the meaning of the taxing laws and that a holder thereof is not entitled to a deduction of the amount of debts owing by him from the value of such stock in the assessment thereof for taxation.

Appeal from Shawnee district court. Opinion filed December 9, 1911. Affirmed.

*A. M. Harvey,* and *J. E. Addington,* for the appellant; *Bennett R. Wheeler,* of counsel.

*E. R. Simon,* county attorney, for the appellees.

The opinion of the court was delivered by

BENSON, J.: The appellant is the owner of stock in The Capitol Building and Loan Association, organized under the laws of this state. This stock is subject to taxation, and a statement of the amount thereof was included as credits in the personal-property statement of the owner made to the assessor for the year 1908. The statement also contained the amount of certain debts to be deducted from such credits. The deduction claimed was refused and the taxes were charged on the value of the stock. A tender was made of the amount of other taxes; the appellant paid the tax assessed

against the stock under protest, and brought this suit to recover that amount.

The debts set out in the statement were owing in good faith, and the only question is whether the stock is a credit from which debts should be deducted under the statute which provides that:

"Debts owing in good faith by any person, company or corporation may be deducted from the gross amount of credits belonging to such person, company or corporation." (Laws 1876, ch. 34, § 6, Gen. Stat. 1909, § 9222.)

Credits are the subject of taxation. The word "credits" was defined by the former tax laws, but is not by the one now in force, the definition having been omitted from the revision of 1907; but credits are still taxable. (*Williams v. Osage County,* 84 Kan. 508, 114 Pac. 858.)

The definition referred to was:

"The term 'credit,' when used in this act, shall mean and include every demand for money, labor or other valuable thing, whether due or to become due, but not secured by lien on real estate." (Laws 1876, ch. 34, § 2, Gen. Stat. 1901, § 7503.)

Appellant states that this definition, except that part referring to a credit secured by real estate, is the generally accepted definition of the term. No question of real-estate securities being involved here, further inquiry into the general meaning of the term is unnecessary to this decision, and it only remains to inquire whether the stock in question is a credit as so understood.

The capital stock of the corporation is divided into classes, as installment, prepaid, full-paid, deposit and permanent. The full-paid stock is further designated as class C, and the appellant's holding is in this class, concerning which the by-laws provide:

"Class C, Full Paid stock, shall be issued upon payment of the sum of $100.00 in full payment of each

share; such certificates, however, may be issued in fractional shares of $25.00 or its multiple. Such certificates may be withdrawn at a discount not exceeding one per cent, sixty days' notice being required. After three years, withdrawal is permitted upon thirty days' notice, without discount. Such stock shall be paid interest out of the earnings of the Association at a rate not exceeding 6 per cent per annum from the date of issue, payable semi-annually at the Association's office on the 15th day of January and July."

The by-laws further provide that no more than one-half of the receipts in any month shall be used to pay withdrawals, and that the directors may, upon six months' notice, call in any certificate of stock not borrowed on, which shall thereupon be surrendered and paid at its actual value. The appellant as such stockholder was entitled to vote and did vote at stockholders' meeting. He was, on March 1, 1908, and still remains a director of the corporation.

The term "personal property" as used in the tax law includes the capital stock of corporations (Laws 1907, ch. 408, § 1, Gen. Stat. 1909, § 9215), and the cash withdrawal value of shares of stock in building and loan associations is assessed for taxation against the individual holders (Laws 1909, ch. 242, § 3, Gen. Stat. 1909, § 9246). Credits are also to be assessed (Laws 1876, ch. 34, § 1, Laws 1881, ch. 34, § 1, Gen. Stat. 1909, §§ 9214, 9223), and the statutory form of the property statement to be made by the taxpayers includes an item of credits showing legal deductions and balance taxable (Laws 1876, ch. 34, § 10, Gen. Stat. 1909, § 9226, subdiv. 20). The legal deductions are debts owing in good faith referred to in section 9222, quoted above, but such deductions can not be made from money on hand nor from loans secured by mortgages (*Life Association v. Hill*, 51 Kan. 636, 33 Pac. 300), nor from shares in a national bank (*Dutton v. National Bank*, 53 Kan. 440, 36 Pac. 719), but only from credits.

The certificates of stock in question are in the following form:

"This certifies that  .  .  .  is the owner of  .  .  . Class C, 3 Year shares of the capital stock of The Capitol Building and Loan Association, transferable only on the books of the corporation by the holder hereof, in person or by attorney, upon surrender of this certificate properly endorsed."

The contention of the appellant is that this stock does not represent an interest in the corporation as stock in a national bank does, or as the permanent stock in this association does; that it is a demand for money, falling under the designation of a credit; that this credit represents savings as against indebtedness; and that the indebtedness should therefore be deducted in assessing the credit. On the other hand, it is insisted by the appellees that class C stock is simply preferred stock; that as the holder is a member of the association, entitled to represent his shares at meetings of the corporation, sharing in its management, responsibilities and liabilities, the stock is not regarded as a credit.

It will be noticed that the by-laws under which this stock was issued limit the holder's shares of earnings to six per cent per annum and that the holder may withdraw his money on sixty days' notice. But the payment of this six per cent interest (so called in the body of the certificate, but called dividends in the form attached for receipts) is contingent upon income, since it is only payable out of earnings; and the right of withdrawal at any particular time is contingent upon the amount of receipts, since only one-half of such receipts for any one month can be applied to that purpose. The statute governing such associations permits the issuance of full-paid, prepaid, deposit or installment shares, as well as permanent or guarantee stock, and that a nonborrowing stockholder on withdrawal shall receive not less than ninety per cent of the money he has paid in "less his proportionate share of the net

losses of the association during the time he was stockholder." (Laws 1899, ch. 78, § 6, Gen. Stat. 1909, § 1860.) The statute also provides that the retired shareholders shall be paid the full value of their shares, less all fines and their proportion of any loss. (Laws 1899, ch. 78, § 15, Gen. Stat. 1909, § 1869.)

Thus it appears that this stock really represents the holder's interest in the corporation, differing from other classes of stock in respect to the holder's share of the annual earnings, and to the right of withdrawal upon the conditions named, and the right of the corporation to retire the stock. The holder is, however, a member of the corporation, with a voice in its management and a share in its liabilities. In this situation the following excerpts are pertinent:

"The law is now clearly settled that a preferred stockholder is not a corporate creditor." (1 Cook, Corp., 5th ed., § 271.)

"Shares of stock are not regarded as credits. They are not evidences of debt, for the reason that there is no debtor, as in the case of open accounts. The shares simply represent the interest of the shareholder in the corporation; and the certificates are the mere indicia of the interest of the stockholder." (4 Thomp. Corp., 2d ed., § 3468.)

"Redeemable stock.—This can scarcely be said to be a separate class of stock. Like the interest-bearing stock, it is more properly a peculiar kind of preferred stock. The statutes of Pennsylvania authorize the issuance of preferred stock in classes, with preference in the rates, and in the order of payment of dividends, or in the redemption of principals, with the right to redeem on terms prescribed in the issue of such stock." (4 Thomp. Corp., 2d ed., § 3432.)

Concerning the right of a corporation to retire its preferred stock it is said:

"Where a corporation is authorized to issue preferred stock it may attach such conditions thereto as it deems best. One of the conditions may be that the

corporation may retire the stock at par within a certain time." (1 Cook, Corp., 5th ed., § 270.)

These general principles are sustained by adjudicated cases, among which are *Taft, Trustee, v. Hartford, Providence and Fishkill Railroad Co.*, 8 R. I. 310, and *Allen v. Herrick and others*, 81 Mass. 274. The same principle applies to building and loan associations. (*Mutual Union L. & B. Ass'n v. Stolz*, 93 Ill. App. 164; *Towle v. American Building & Loan Ass'n*, 75 Fed. 938.) It has also been held that shares of such stock are not credits from which debts may be deducted in the assessments for taxes. (*Albany Bldg. Ass'n v. City of Laramie*, 10 Wyo. 54, 65 Pac. 1011; *Bridgeman v. The City of Keokuk et al.*, 72 Iowa, 42, 33 N. W. 355; *Morril v. Bentley*, [Iowa, 1911] 130 N. W. 734.)

(See, also, *People ex rel. Cohn & Co. v. Miller*, 94 N. Y. Supr. Ct., App. Div., 564.)

Without citing other cases it is deemed sufficient to refer to the decision of this court in *Loan Association v. Merriman*, 67 Kan. 779, 74 Pac. 256, which seems to fairly cover the ground. In that case it appeared that Merriman held a document issued by the association, one part of which was in the form of an ordinary certificate of stock and the other part in the form of a certificate of deposit for $100 (which was the par value of the share of stock) payable as provided by the by-laws, to draw interest at six per cent or such rate as the board of directors might determine. The question in that case was whether the holder of that certificate could be compelled to withdraw the money in the circumstances disclosed in the record. The association contended that the holder of the certificate was a depositor, and therefore a creditor; while the holder claimed that he was a stockholder, and this claim prevailed. It was said in the syllabus:

"One who invests money in a building and loan association, receiving as evidence of his investment a document in two parts, one in the form of a certificate

·of deposit for the amount paid, drawing annual interest based on the earnings of the business, the other in the form of a certificate that he is a member of the association and the owner of a share of its stock, is a stockholder and not merely ·a creditor, unless the by-laws forbid such conclusion; and *held,* that the by-laws of the association here involved do not forbid it." (Syl. ¶ 1.)

Nothing in the by-laws of this association precluded the application of the principle of that decision. Here the appellant was not even called a depositor. The certificate issued to him under the by-laws and the practice of the association, recognizing him as a member and electing him as an officer, are all in conflict with the claim that he is merely· a creditor, and therefore his stock is not a credit within the meaning of the tax laws. The appellant cites *Arapahoe Co. v. Fidelity .Sav. Ass'n,* 31 Colo. 47, 71 Pac. 376, and *Deniston, Auditor, v. Terry,* 141 Ind. 677, 41 N. E. 143, as opposing these views, but under our statutes, and following the Dutton and Merriman cases, we must hold that the appellant was not entitled to the deduction claimed.

The district court having so decided, the judgment is affirmed.