FRANK J. DOBBERT, Appellee, v. JOCHIM KRUSE et al., Appellants.

VENDOR AND PURCHASER: Rights and Liabilities—Taxes—Contract—Construction. A vendor who, in accordance with a contract of sale of lands, remains in possession and has and enjoys all the fruits thereof, must pay all taxes which become liens on the premises *prior to delivering possession to vendee.* So held even where the vendee out of possession agreed "to pay all taxes * *.* which may be lawfully imposed and become a lien upon said premises," the said agreement of the vendee being held to manifestly refer to a time *from and after the time when vendee obtained possession.*

*Appeal from Plymouth District Court.*—W. D. BOIES, Judge.

MONDAY, FEBRUARY 19, 1917.

REHEARING DENIED, SATURDAY, MAY 12, 1917.

ACTION by the plaintiff, as a vendee of real estate, to recover from the defendant, as vendor thereof, the amount of taxes paid by the vendee which became a lien upon the real estate after the execution of the contract of sale, but before the execution of the conveyance and before the delivery of possession. There was a judgment for plaintiff, and the defendant has appealed.—*Affirmed.*

*Herbert S. Martin,* for appellants.

*T. M. Zink,* for appellee.

EVANS, J.—On June 1, 1912, the parties hereto entered into a written contract for the purchase and sale of certain real estate at an agreed price of $95,205. This contract was to be performed on March 1st, following, until which time the defendant, as vendor, retained the possession. Under the statute, the taxes for the year 1912 became a lien upon the property on the last day of the year. The plaintiff, as vendee, was later compelled to pay the same, in order to protect his title.

Under the terms of the contract, the plaintiff paid $4,000 at the time of the execution thereof. He was to pay the further sum of $10,000 on the first of March following, and the balance on or before 10 years, with annual interest, with an option to the defendant to convey at any time after March first, and to take mortgages for the purchase money, and with an option to the plaintiff to demand a conveyance at any time upon payment of 40 per cent of the purchase price and to give mortgages for the unpaid portion. Possession was reserved to the defendant until March 1st. The contract also contained the following provision:

"The said second party hereby agrees to pay said sums of money and the interest thereon as the same shall become due, and that he will pay all taxes and assessments which may be lawfully imposed and become a lien upon said premises."

VENDOR AND PURCHASER: rights and liabilities: taxes: contract: construction.    We have heretofore held that, under a contract of this kind, the duty devolves upon the vendor to pay all taxes which become liens upon the property before the date of the transfer of possession from vendor to vendee, unless the contract provides otherwise. *Mohr v. Joslin,* 162 Iowa 34; *Clinton v. Shugart,* 126 Iowa 179, 183. We have likewise held that the vendor is entitled to the rents which accrue and fall due during the same period. *In re Estate of Boyle,* 154 Iowa 249. Thereby burden and benefit walk under the same yoke. However, it is the contention of appellant that our previous cases are not controlling herein, because the contract did provide otherwise. The provision relied on is that which we have already quoted from the contract. The appellant contends that this proviso is sweeping, and refers to all taxes becoming liens upon the property after the date of the contract itself. The trial court construed the tense of this provision as speaking from March 1st, and this is the decisive point of the case. The proviso must be construed in the light of the entire contract. We find that the contract is to some extent tentative and contingent. It provided that an abstract was to be furnished by the vendor in the future, and this was to be satisfactory to the vendee. A comparatively small payment was provided for at the date of the execution of the contract. A further payment of $10,000 was to be made before possession should be surrendered. For the balance of $80,000, the vendor was to hold the vendee's promise to pay, and to retain the title as security. This latter is the provision which we have quoted, and upon which the appellant relies.

The contract further provides that the abstract to be furnished by the vendor shall show a clear title "to date of delivery of deed   *   *   *   except as to second parties." Taking the contract, therefore, in its entirety, we think the trial court correctly construed it. The provision quoted purported to deal only with the rights and liabilities of the parties on and after March 1st. See *Scott v. Wilson,* 157 Iowa 31.

The judgment of the district court is, therefore,—*Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.