LILLIAN M. MOORE, Appellee, v. CENTRAL NATIONAL BANK & TRUST COMPANY, Appellee; E. J. MORRIS, Appellant.

No. 40252.

MARCH 18, 1930.

REHEARING DENIED SEPTEMBER 23, 1930.

*Thomas J. Bray,* for appellant.

*F. G. Ryan,* for Lillian M. Moore, appellee.

*I. L. Wright,* for Central National Bank & Trust Company, appellee.

ALBERT, J.—The real estate in controversy belonged to the heirs at law of J. G. Bunz, and consisted of a 290-acre farm, situated in Polk County, Iowa. This land was sold at public auction on December 11, 1928, and was purchased by one Hollingsworth, who subsequently transferred all of his rights to E. J. Morris. At the time and place of sale, a written notice of the terms thereof was posted, which notice, among other things, provided:

"Ten per cent of the purchase price shall be made on the day of the sale, and the balance to be paid upon the closing of the estate of J. G. Bunz, about February 25, 1929, and delivery of abstract of title, showing merchantable title in the heirs of J. G. Bunz, free of all incumbrances to day of sale, possession to be given March 1, 1929."

At the sale on said date, the auctioneer, prior to receiving

bids on said land, read, or orally announced, the terms of the above notice to the assembled buyers. At the time of said sale, a deed had been signed by all of these heirs, bearing date December 11, 1928, with the grantee's name in blank, and deposited with the bank. When the time came for the closing of this transaction, about March 7, 1929, a question arose as to the liability for taxes on this property, amounting to something over $700, and a stipulation was entered into, providing that from the purchase price $900 should be taken and held by the Central National Bank, pending a final legal determination of who should pay the general taxes on this land, due December 31, 1928. The deed was passed, the balance of the purchase price paid, and the defendant Morris took possession of the property.

The single question before us, therefore, is: Should the Bunz heirs pay these taxes, or should they be paid by the purchaser, E. J. Morris? This question seems not to be an open one in this state. In the absence of any contract, the statute, Section 7204, Code, 1927, provides:

"As against a purchaser, such liens [for taxes] shall attach to real estate on and after the thirty-first day of December in each year."

It is apparent, therefore, under this section of the statute,—in the absence of a contract to the contrary,—that the Bunz heirs would be liable for these taxes. The question is, therefore, further narrowed to the naked proposition as to whether or not there is anything in the contract covering the question of taxes.

In the case of *Clinton v. Shugart*, 126 Iowa 179, there was a written contract entered into on July 3, 1901, for the sale of certain city property in the city of Council Bluffs, providing that $500 was to be paid in hand, and $6,500 on or before January 2, 1903. Among the other provisions of the contract was that, on the final payment, the vendor "will execute unto the said second party a warranty deed, conveying to him the above described real estate in fee simple, with covenants that at the date of this agreement the title of said first party was perfect in and to the same, and that he will forever warrant and defend the title against the lawful claims of all persons whomsoever, up to the date hereof," etc. The question in that case was whether the vendor or the vendee was liable for the taxes that

became due between the date of the contract and the date therein provided for performance. We there held, reannouncing the doctrine set out in *Nunngesser v. Hart*, 122 Iowa 647, that the vendor was liable for the payment of such taxes. In other words, the contract terms set out in that case were held not to be a contract affecting taxes. We can see no difference between the terms of the contract in the *Shugart* case from those in the present case. In other words, the provision that they would "warrant and defend against the lawful claims of all persons whomsoever up to the date hereof" (the date of the contract) was not broad enough to cover taxes.

In the case before us, equally so, in our opinion, the provision that the vendor will deliver an abstract of title showing merchantable title in the heirs of J. G. Bunz, free from all incumbrance to the day of sale, is not broad enough to cover the question of taxes involved herein. See, also, *Dobbert v. Kruse*, 179 Iowa 1069.

An extended discussion of this question is made in the cases set out, and we need not further elaborate.

Under these rules, the plaintiffs were liable for these taxes, and out of the $900 on deposit with the Central National Bank & Trust Company, the defendant is to receive $734.29, plus 6 per cent interest from March 1, 1929. The balance of the $900 is to be paid to the plaintiffs. The court erred in holding otherwise.—*Reversed*.

MORLING, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.