## BISHOP & BABCOCK CO. v FULLER

## BISHOP & BABCOCK CO. v KEHR

Ohio Appeals, 8th Dist., Cuyahoga Co.

Nos. 11552 & 11553. Decided June 1, 1931

Boyd, Brooks & Wickham, Cleveland, for plaintiff in error.

Tolles, Hoggsett & Ginn, Cleveland, for defendant in error.

## OPINION

BY THE COURT:

Kehr and Fuller, defendants in error, are holders of certificates of stock of The Bishop & Babcock Company. We will refer to The Bishop & Babcock Company as "the company"; to Carl M. Kehr as "Kehr" and to Jeptha L. Fuller as "Fuller".

The company, by vote of more than three-fourths of its stock on June 19, 1925, authorized the sale of substantially all of the company's assets. Kehr opposed the sale and took steps under the statute, §8713 GC, to have a determination of the value of the stock. Fuller claims under one L. C. Goodan, who, at the time of the authorization of the sale, owned 100 shares of stock of the company, and followed the same procedure as Kehr. The award by the appraisers fixing the value of the stock of Kehr and Goodan was made February 5, 1929. Prior to the award Kehr had sold 25 of his shares, the price of

which he had demanded to be fixed, and had repurchased 25 other shares, owning the same number of shares at the time of his demand for payment as were represented in the demand for the award and insisted upon his right to be paid the full value of 125 shares on the basis of the appraisal and this was set forth in his petition against the company.

The company answered, setting forth substantially the facts which we have heretofore stated respecting the transfer and re-purchase of the 25 shares, and asserting that it was liable only for the value of 100 shares, the portion of the 125 shares appraised still owned by Kehr. To this answer a general demurrer was filed and sustained. The company desiring to plead no further, judgment was entered against it. From this judgment of the trial court error is prosecuted in the Kehr case.

Prior to the award in the Goodan application, he sold and transferred the shares of stock which were represented in his application for award, together with his claim and the rights thereunder growing out of his observance of the statutory requirements of §8713 et seq., to Fuller.

Fuller instituted his action against the company on the award based upon the assignment and the one hundred shares which he had purchased from Goodan. To this petition the company demurred, which demurrer was overruled and judgment entered for Fuller. It was to this action of the trial court that the error is prosecuted in the Fuller case.

Counsel have prepared and tendered pretentious briefs but admit that there are no adjudicated cases in Ohio or elsewhere upon the propositions directly presented in these two cases. We therefore, although we have considered the cases cited, shall not attempt to discuss them at length and confine our conclusions to an interpretation of the statutes which control the rights of the parties.

Insofar as it is possible to determine the intent of the law as set forth in §§8713, 8714, 8715, 8716 and 8717 GC, it is controlling of the rights of the parties without respect to any well defined principles which have heretofore been enunciated, respecting the rights of the parties in analogous situations. The pertinent sections read as follows:

Sec. 8713. Dissatisfied stockholder. If a stockholder be dissatisfied with such sale and refuses to participate in the proceeds thereof, within thirty days after the adoption of such agreement, he shall state his objections thereto in writing and file them with such corporation, and in writing demand from it payment for his stock. Within sixty days thereafter such corporation shall pay to him the value thereof at the time such agreement was adopted. In case of a disagreement as to the value of the stock, it shall be ascertained by three disinterested persons, one of whom to be chosen by the stockholder, one by the directors of the corporation and the other by the two so selected who shall conduct such arbitration as provided by the law regulating arbitrations.

Sec. 8714. How award collected. If the award is not paid within sixty days from its making, and notice thereof given to the stockholder, and the corporation, its amount shall be evidence of the amount due from the corporation and may be collected as other debts against it. On receiving payment of the award, the stockholder shall surrender his stock to such corporation.

Sec. 8715. Procedure when stockholder refuses to submit question. If such stockholder refuses to submit such question of arbitration, upon the application of a director of the company, the judge of the common pleas court shall appoint arbitrators who shall ascertain the value of the stock as if the question had been submitted by consent of both parties.

Sec. 8716. Notice. In all cases of such arbitration, the party desiring it shall give the opposite party at least ten days notice of his intention to apply to the judge for the appointment of arbitrators, which notice shall be served in the manner provided for the service of summons and specify the time and place of the hearing of an application. In cases of non-residents the notice shall be by publication for four consecutive weeks in some newspaper printed in the county.

Sec. 8717. Deposit of Award. If the party owning the stock refuses to receive the amount awarded the company may deposit it with the clerk of the common pleas court of the county in which the arbitration was held, which deposit shall operate as if payment were made to the owner of the stock and also as a cancellation of such stock upon the books of the company."

It will be noted that §8713 GC, provides that the stockholder who is dissatisfied with the sale and refuses to participate in the proceeds thereof, shall state his objections thereto in writing, file them with the corporation and in writing demand from it payment for his stock; §8714 GC, provides that on receiving payment of the award, the stockholder shall surrender his stock to said corporation; §8717 GC is the most illuminating pertinent section as to the intent of the law. Its provision establishes the right of the corporation when the dissenting stockholder refuses to receive the amount of the award, to deposit it with the clerk of the common pleas court of the county in which the arbitration is held, and that such deposit shall operate as payment to the owner and also as cancellation of such stock upon the books of the company.

The parts of the statutes to which we have specifically referred, in our judgment indicate a purpose to reach certain definite stock by the stockholder at the time when he dissents from the action of the majority of the stockholders and demands an appraisal and award of its value.

The issue in the Kehr case is well stated in brief of defendant in error, namely, "whether or not Kehr's right to receive the award price of 125 shares in respect to which he had filed his demand is cut off by reason of the fact that during the interval between his demand of 1925 and his demand for the amount of the award in 1929, he had sold and subsequently purchased the shares going to make up the block of 125 shares".

We are of opinion that he is cut off from any right to recover payment for the price fixed respecting the 25 shares which he transferred pending the award. This is true if the right to dissent to the sale and to demand arbitration and award is a personal right. or if it is a right which is incident to the ownership of the particular shares upon which the stockholder based the dissent. If it is a personal right then the stockholder can waive it, by conduct and a disposal of any of the shares for which he demanded an appraisal of value and award would so operate.

The issue in the Fuller case is stated in brief of counsel for defendant, namely, "whether or not a dissenting shareholder who has filed his protest and his demand for the payment in cash, of the fair value of his shares, may make such an assignment of his rights in respect to such shares and against the company in respect thereof. and in such event the right of such assignee to enforce the rights of his assignor against the company".

We believe the statutes which we have quoted give the dissenting stockholder a valuable right to enforce arbitration and award, by reason of his ownership of stock at the date of the adoption by the corporation of the agreement to sell. This is a right which the stockholder clearly can enforce against the corporation by reason of

ownership of certain stock, the evidence of which are the certificates representative thereof, designation and identity of which is available to the corporation and stockholder. This right can be assigned and in the Fuller case it is stipulated by counsel, was assigned.

We do not say, because not called upon to do so, that the statutes under consideration prevent the stockholder from withdrawing his proposition to arbitrate prior to the fixing of the award by the arbitrators but are convinced that the corporation has no such power and is bound to abide a determination of the appraisal and award pending its asking and subsequent thereto. Nor do we pass upon the proposition, respecting the rights of the person or persons who may at the time of the institution of the suit in the Kehr case have owned the 25 shares of which he had disposed.

The import of the language in §8317 GC, is most effective to support our conclusion that the legislature had in mind an award which related to specific property, namely, shares of stock represented by certificates which were capable of identification, as of the date of voting upon the proposal to sell. This statute authorizes a corporation, **after the award,** to cancel the certificates of stock of the dissenting stockholder on the books of the company. Obviously, there must be some stock upon which such cancellation will operate and it seems reasonable that it is intended to operate upon that stock which is mentioned in §§8713-8714 GC.

Counsel for defendants in error has urged the negotiable character of shares of stock and the inability to differentiate one share from another. It may be observed in this case that it is conceded that the specific stock which Fuller owned at the time of the institution of the action, to the extent of 100 shares, was the identical stock upon which he cast his dissenting votes and demanded arbitration and award. Likewise, stock upon which Fuller seeks to recover is the identical stock upon which award was made to Goodan. So that, the controversy here is between the corporation and the original holder of the stock, Kehr, in one instance, and a transferee with full knowledge of prior transactions in the other instance, Fuller.

We have had occasion to examine the authorities at some length.

Thompson on Corporations, Vol. 5, p. 323, quoting Bridgman v Keokuk, 72 Iowa 42:

"The expression of shares of stock when qualified by words, indicating number and ownership expresses the extent of the owner's interest in the corporate property. The interest is equitable and does not give him the right of ownership to specific property of the corporation, but he does own the specific stock held in his name and under the rules of law the property of the corporation is held by the corporation in trust for the stockholders. It will be readily seen that a share of stock is a thing owned by the stockholder."

Thompson on Corporations, Vol. 6, 183:

"As against the theory that the assignment and delivery of certificates of stock passes the entire title of the holder, other courts have said that such a transfer, not perfected by registration on the books of the company, when required, would pass only an equitable title."

In American Press Association v Brantingham, 75 Appellate Division 435, it is said:

"Certificates of stock are not securities for money in any sense; much less are they negotiable securitiets; they are simply the emoluments and evidence of the holder's title to the given share in the property and franchises of the corporation of which he is a member."

In Hawley v Brunnagin, 33 California 394:

"The cases are well agreed that a certificate of stock is not a negotiable instrument; that its purchaser stands on the same basis as the purchaser of any other non-negotiable instrument although there is a recognition that they partake to a great extent of the qualities of negotiable securities."

We therefore are of opinion that there is no insurmountable difficulty in identifying the shares of stock representative of dissenting stockholders who follow the dissent by application for arbitration and award.

The demurrer of the company to the petition of Fuller was properly overruled; the demurrer of Kehr to the answer of the company was improperly sustained. Judgment accordingly.

HORNBECK, PJ. & KUNKLE, J., concur.

SHERICK, J. concurs in Case 11553 (Kehr, defendant).

SHERICK, J. dissents in Case 11552 (Fuller defendant).