No. 31,676

W. J. GRESSINGER, *Appellant,* v. THE MASSEY HARDWARE COMPANY,
*Appellee.*

(33 P. 2d 128.)

Opinion filed June 9, 1934.

*Arnold C. Todd, Julian E. Ralston* and *Ralph Gore,* all of Wichita, for the appellant.

*Fred Hinkle,* of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by W. J. Gressinger against the Massey Hardware Company to recover on what is designated as preferred stock, and it is claimed that it is a certificate of indebtedness merely, and that the plaintiff was in effect a creditor of the company although the certificate designates the vendee as the holder of preferred stock.

In his petition plaintiff alleged that under the facts pleaded it was the intention of the plaintiffs to give and the defendant to receive the right of a creditor. Upon a demurrer to the petition the trial court held that under the facts pleaded the plaintiff had failed to state a cause of action against defendant, and plaintiff has appealed from that order.

It appears that the defendant was given the right under an amendment to the charter to issue common stock to the amount of $200,000, and also 500 shares of preferred stock of $100 each, and that these shares should be preferred over common stock, both as to assets of the company and as to the seven per cent annual dividends. The certificate issued to plaintiff recites:

This certifies that W. J. Gressinger is the owner of ten shares of the preferred stock of the Massey Hardware Company of Wichita, Kan., of the par value of $100 each, fully paid and nonassessable, transferable only on the books

of the company by the owner, in person, or by attorney, upon surrender of this certificate properly indorsed. Said stock is part of an issue of fifty thousand dollars ($50,000) par value, authorized by an amendment to the charter of the company filed in the office of the secretary of state on the 24th day of October, 1923, and is issued under the terms and conditions therein set forth.

Witness, the seal of the company and the signatures of its president and secretary this twenty-third day of April, A. D. 1924.

AMBROSE BOWDISH, *Secretary*.                    JOHN MASSEY, *President*.

Shares $100 each.

It is contended that while the claim is called preferred stock, it is an absolute indebtedness, and that he, plaintiff, is entitled to the rights of a creditor. It is provided that the dividends are to be paid out of the net earnings of the company at the rate of seven per cent and no more, payable one and three-fourths per cent quarterly on the first days of January, April, July and October of each year. The dividends shall be cumulative, and if the earnings and surplus shall not be sufficient to pay them when due, they shall be paid out of the net earnings or surplus when the same shall be sufficient. Provision is made for the company to call in and retire the preferred stock. It has no voting power except in case of nonpayment of the dividends on preferred stock for thirty days after they are due; nonpayment of matured stock for thirty days from due date; violation of the restrictions on common-stock dividends as provided; failure to keep and maintain buildings and equipment in good repair; default in the payment of taxes or assessments levied against the property of the company; or in event of performing the following acts without the written consent or affirmative vote of the holders of the three-fourths of the outstanding preferred stock: dispose by sale, merger, lease or otherwise the principal part of the property or business; to create, issue or guarantee any bonds, notes or other evidence of indebtedness, secured or unsecured, maturing later than one year from the date of issue; create or permit to be created any mortgage or other lien upon any of the property or assets of the company.

Some other provisions are such as to indicate that the holders of the preferred stock are stockholders and constitute a part of the company and the certificate was a certificate of stock and not a mere evidence of indebtedness. In other words, they are stockholders and not creditors. In *Inscho v. Development Co.*, 94 Kan. 370, 146 Pac. 1014, the question involved here was carefully considered, and in the opinion it was said:

"'The plaintiff purchased shares of the original capital stock of the company, received a certificate of stock, cast her fortunes with the company, took with it the risk of its ventures, and depended upon the net earnings of the company for returns upon her investment. She was not guaranteed a seven per cent annual dividend at all events. If there were no net earnings she received nothing and could not, as creditors may do, appropriate capital or general assets to the satisfaction of her claim. The fact that preferred stock had no vote and the corporation reserved the right to retire preferred stock by redeeming it did not change this express feature of the contract. So long as she remained a stockholder her only source of returns was net earnings, and if there were debts of the company she could not share such assets with creditors, in case of dissolution, but was merely preferred over common stockholders in case there were assets to distribute." (p. 384.)

In the later case of *Young v. Lyons Milling Co.*, 124 Kan. 83, 257 Pac. 717, which had similar plans and provisions, the question presented was whether the holders of the preferred stock were stockholders of the corporation or were they holders of mere certificates of indebtedness. It was held that the stock issued as preferred stock forms a part of the capital stock of the corporation, and the fact that dividends are guaranteed does not make the stockholder a creditor. A guarantee is not an absolute and unconditional obligation, but is only a guarantee to pay dividends out of the earnings when surplus is accumulated out of which dividends may be paid. It was said:

"Stockholders are classified as common and preferred, and as between the classes preferences are permitted. Neither class, however, is entitled to dividends from any source except from the earnings and profits of the business. The guarantee of dividends inserted in the certificate is no more than a pledge that dividends shall be paid out of funds legally applicable to dividend purposes, and until there is a surplus of profits dividends cannot be paid to either class of stockholders. The corporation cannot pay dividends out of capital, as to do so would operate as a fraud upon creditors." (p. 87.)

See, also, *Abrahams v. Medlicott*, 86 Kan. 106, 119 Pac. 375.

Plaintiff cites *Savannah Co. v. Silverberg*, 108 Ga. 281; *Allen v. Northwestern Mfg. Co.*, 189 Ia. 731; *Best v. Oklahoma Mill Co.*, 124 Okla. 135, but these cases are out of line with the settled interpretation and policy of this state, as illustrated by the authorities mentioned, and nothing is called to our attention in the terms and conditions under which the stock was issued to warrant the court in departing from the settled doctrine of the state.

The judgment is affirmed.