*Decision will be entered under Rule 50.*

JOHNSON COUNTY REALTY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96314.   Promulgated April 8, 1941.

*Perry W. Shrader, Esq.*, for the petitioner.
*Gene W. Reardon, Esq.*, for the respondent.

OPINION.

TURNER: Among the deductions allowed by the statute for the purpose of determining net income is the deduction for taxes, section 23 (c) of the Revenue Act of 1936, but it has been held that in the case of a purchaser of real estate, taxes outstanding against the property at the time of purchase do not as to such purchaser retain the character of taxes, but constitute a part of the cost of the property. *Merchants Bank Building Co.* v. *Helvering,* 84 Fed. (2d) 478; *Helvering* v. *Missouri State Life Insurance Co.,* 78 Fed. (2d) 778; *Lifson* v. *Commissioner,* 98 Fed. (2d) 508; *Walsh-McGuire Co.* v. *Commissioner,* 97 Fed. (2d) 983; *Crown Zellerbach Corporation,* 43 B. T. A. 541; *California Sanitary Co., Ltd.,* 32 B. T. A. 122; *Texas Coca-Cola Bottling Co.,* 30 B. T. A. 736. Further, there seems to be no question that if the date of purchase preceded the date of accrual of such taxes the purchaser is entitled to deduct the taxes when accrued or paid, dependent upon the method used by him in reporting his income, and the parties here agree that the date of accrual is controlled or determined by the law of the state where the land is situated.

Under the Iowa Code, property is listed and valued in January and, after opportunity for the adjustment of the values by the proper board or commission, the levy is made by the county board of super-

visors at its September session. The tax list is then prepared and delivered to the county treasurer on or before December 31 and the taxes become due and payable on January 1 of the year following that for which they are levied.[1]

In *Lowell H. Chamberlain*, 43 B. T. A. 259, we concluded that under the Iowa statutes and the decisions of the supreme court of that state, *Gates* v. *Wirth*, 181 Ia. 19; 163 N. W. 215, and *Iowa Wesleyan College* v. *Knight*, 207 Ia. 1238; 224 N. W. 502, real property taxes accrue in September, when they are levied by the board of supervisors. It would appear therefore that the taxes on the real estate in question accrued in September and at that time became an obligation outstanding against the property in the hands of the petitioner's vendor, and if there were nothing further, we should conclude, in line with the previously decided cases, that the payment by the petitioner of the taxes here in question constituted payment on the purchase price of the property and not the payment of taxes within the meaning of the statute. In section 7204,[2] however, the Iowa Code provides that as "against a purchaser" the lien for taxes against the real estate purchased "shall attach * * * on and after the 31st day of December in each year." In the instant case the petitioner purchased the real estate in question on December 28, 1935. He paid the taxes in 1936 and since he reports his income on the cash basis, claims the right to deduct for that year the amount so paid.

In *Nunngesser* v. *Hart*, 122 Ia. 647; 98 N. W. 505, the question before the court was whether the vendor or vendee of certain real property was liable for the taxes thereon for the year 1900. The court said:

As between vendor and vendee, tax liens attach to real estate on and after December 31 in each year. Code Section 1400 (now 7204) : Taxes on real estate are required to be paid by the owner, and the question at once arises, who was the owner of the property in controversy, within the meaning of the statute, on January 1, 1901.

The respondent relies on the more recent case of *Moore* v. *Central National Bank & Trust Co.*, 210 Ia. 1020; 229 N. W. 666, claiming that the real property there in question was sold on December 11, 1928, but that it was there held that the 1928 taxes on the property were the taxes of the vendor. While in that case the agreement of purchase was entered into in December, the court's decision turned on the fact that the sale was not completed until March 1929, and, in holding that the taxes in question for the year 1928 were the taxes

---

[1] Secs. 7106, 7115, 7122, 7129, 7137, 7140, 7141, 7145, 7147, 7171, and 7210, Iowa Code, 1935.

[2] 7204. *Lien Between Vendor and Purchaser.* As against a purchaser, such liens shall attach to real estate on and after the 31st day of December in each year.

of the vendor, the court reaffirmed the rule laid down in *Nunngesser* v. *Hart, supra.* To the same effect is *Clinton* v. *Shugart,* 126 Ia. 179; 101 N. W. 785.

In the instant case the sale was completed and petitioner became the owner of the real estate in question on December 28, 1935, and under section 7204, *supra,* the lien for the taxes against such real estate attached as to him some three days later on December 31. In the light of that provision, it is our conclusion and we so hold, that the liability for the 1935 taxes against the real estate purchased by petitioner and paid by him in 1936 was as to petitioner a liability for taxes. *Nunngesser* v. *Hart, supra.* Cf. *Commissioner* v. *Plestcheeff,* 100 Fed. (2d) 62; *Lifson* v. *Commissioner, supra; Commissioner* v. *Rust Estate,* 116 Fed. (2d) 636; and *T. H. Banfield,* 42 B. T. A. 769. Since the petitioner reports his income by the cash method and the taxes in question were paid in 1936, they are deductible in determining his income tax liability for that year.

*Decision will be entered for the petitioner.*