**HELVERING, Commissioner of Internal Revenue, v. JOHNSON COUNTY REALTY CO.**

No. 12209.

Circuit Court of Appeals, Eighth Circuit.

June 15, 1942.

Benjamin M. Brodsky, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Bernard Chertcoff, Sp. Assts. to the Atty. Gen., on the brief), for petitioner.

Perry W. Shrader, of Kansas City, Mo. (Cecil H. Haas and Shrader, Haas & Washington, all of Kansas City, Mo., on the brief), for respondent.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is a petition of the Commissioner of Internal Revenue to review a decision (44 B.T.A. 121) of the Board of Tax Appeals.

On December 28, 1935, the taxpayer purchased a parcel of real estate in Iowa. In 1936 it paid the 1935 taxes on the premises in the amount of $3,649.28, and in its income tax return for that year it deducted the amount so paid. The Commissioner disallowed the claimed deduction, and upon appeal the Board reversed, holding that the payment was deductible. The taxpayer keeps its books and files its income tax returns on the cash receipts and disbursements basis.

■ The only question presented is whether the payment of the 1935 taxes in 1936 is a proper deduction upon the taxpayer's 1936 income tax return under § 23(c) of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 1658, 26 U.S.C.A. Int.Rev. Code § 23(c). The statute provides that in computing net income there shall be allowed as deductions "Taxes paid or accrued within the taxable year." Treasury Regulations 94, promulgated under the Revenue Act of 1936, provides that "In general taxes are deductible only by the person upon whom they are imposed." To determine the question upon whom the tax involved herein was imposed resort must be had to the laws of Iowa. Helvering v. Fuller, 310 U.S. 69, 74, 60 S.Ct. 784, 84 L.Ed. 1082; Magruder v. Supplee, 62 S.Ct. 1162, 86 L.Ed. ——.

■ Under the laws of Iowa the assessment of real property is commenced in January of each year (Code, § 7106) and completed in April (§ 7121). Property must be assessed in the name of the owner on January first, even though he has died since. Polk County v. Kauffman, 104 Iowa 639, 74 N.W. 8. Under section 7171 of the Code the board of supervisors of each county, annually, at its September session, must levy taxes for state and county revenues. Section 7147 provides that the county auditor shall prepare the tax list for the county and deliver it to the county treasurer on or before December 31st.

The taxes are due and payable on the first Monday of January of the following year (§ 7210).

Section 7202 provides that "Taxes upon real estate shall be a lien thereon against all persons except the state"; and section 7204 provides that "As against a purchaser, such liens shall attach to real estate on and after the thirty-first day of December in each year."

■ Taxes on real estate in Iowa constitute an in rem claim. They are not a debt for which the owner of the land against which they are assessed is personally liable. Plymouth County v. Moore, 114 Iowa 700, 87 N.W. 662; Lucas v. Purdy, 142 Iowa 359, 120 N.W. 1063, 1066, 24 L.R.A.,N.S., 1294, 19 Ann.Cas. 974.

We must determine whether under the Iowa law the 1935 tax on real estate was imposed prior or subsequent to December 28, 1935. In the recent decision of the Supreme Court in the Magruder case, supra [62 S.Ct. 1165, 86 L.Ed. ——], the court said: " * * * either a pre-existing tax lien or personal liability for the taxes on the part of a vendor is sufficient to foreclose a subsequent purchaser, who pays the amount necessary to discharge the tax liability, from deducting such payment as a 'tax paid.' "

Under the decisions of the Supreme Court of Iowa in the Moore and Purdy cases, supra, neither the taxpayer nor its vendor was personally liable for the tax. Our inquiry is thus narrowed to a determination of the date of the beginning of the tax lien. The taxpayer contends that under section 7204 the lien does not attach until December 31st. This section by its own context, however, has reference only to the rights of the vendor and purchaser inter sese and not to the rights of the state. Section 7202 creates a tax lien in favor of the state, but does not fix the date on which such lien attaches.

■ In Iowa one who sells land after the taxes are levied and before they become a lien under section 7204 is liable for the taxes as between vendor and vendee. Bailies v. City Council, 127 Iowa 124, 102 N.W. 813. Upon the same principle when the contract of sale is made prior to December 31st and the title passes after December 31st, the vendor is liable for the tax as between vendor and vendee. Moore v. Central Nat. Bank & Trust Co., 210

Iowa 1020, 229 N.W. 666; Clinton v. Shugart, 126 Iowa 179, 101 N.W. 785, 787.

In Cornelius v. Kromminga, 179 Iowa 712, 161 N.W. 625, 626, the Supreme Court of Iowa said: "The time when an ordinary tax becomes a lien or incumbrance as between a grantor and grantee of land is in this state fixed by statute [sec. 7204], and in the absence of agreement or contract to the contrary the date so fixed is controlling." The court then added, "although as a matter of law and of fact the tax is a lien upon the property from the date of its levy"; which, under the statute, is in September.

In Gates v. Wirth, 181 Iowa 19, 163 N.W. 215, 216, the Supreme Court of Iowa again considered the question of when the lien for taxes on land attaches. The court again held that when the land has been listed, the valuations finally fixed, and the board of supervisors makes the levy, the "burden rests on each tract of land for the purposes of governmental revenue for that year * * * and it then, as between the landowner and the state, becomes a lien upon the particular property against which the tax is lodged, and that lien continues, if we may call it a lien, as a claim against the land on the part of the state until discharged." In the Gates case the dispute was between the life tenant and the remainderman as to their respective obligation to pay the tax on land for the year 1913, and the court held that the obligation to pay rested upon the owner in September at the time the levy was made. The question of vendor and purchaser was not involved.

In the instant case the lien of the tax attached, therefore, to the property in September, 1935, when the levy was made, and the land was encumbered with liability for its payment. That encumbrance existed on December 28, 1935, when the taxpayer purchased it; and, as between the taxpayer and its vendor, the vendor was liable for the tax. Moore v. Central Nat. Bank & Trust Co., supra. Accordingly the payment made by the taxpayer was a part of the purchase price and not deductible on its 1936 income tax return. "Parties cannot change the incidence of local taxes by their agreement." Magruder v. Supplee, supra; Lifson v. Commissioner, 8 Cir., 98 F.2d 508.

The order of the Board is wrong, and it is reversed.